Argued December 31, 1919, affirmed February 10, 1920.

## MALPICA *v.* CANNERY SUPPLY CO.[*]

(187 Pac. 596.)

**Appeal and Error—No Reversal for Excessive Damages in Absence of Prejudicial Error.**

1. Under Article VII, Section 3, of the Constitution, as amended by Laws of 1911, page 7, in a servant's action for injuries, where the jury was properly instructed, and there is no prejudicial error in the record, the only assignment of error being the amount of the verdict, it was for the jury only to find the amount of plaintiff's damages, and, it having done so by unanimous verdict, the Supreme Court cannot reverse as for excessive damages, a ground of defendant employer's motion for a new trial.

**Damages—Twelve Thousand Dollar Verdict for Broken Wrist and Impaired Arm not Invalid.**

2. Where a servant injured through a fall of staging sustained a broken wrist and was subjected to great pain and mental anguish, while the wrist was permanently injured so that the servant could not use it or his hand, the use of his arm being greatly impaired, the Supreme Court will not set aside verdict for $12,000, though trial court stated he was of opinion recovery should not be for more than $2,000.

[As to what is excessive verdict in action for personal injuries not resulting in death, see notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

---

[*]For authorities passing on the question of excessiveness of verdicts in actions for personal injuries, specifically as to fractured wrists, see comprehensive note in **L. R. A.** 1915F, 472.        REPORTER.

Department 2.

The defendant is an Oregon corporation engaged in the business of canning salmon and storing and transporting salmon cans in boxes to Nushagak, Alaska. On March 30, 1918, the plaintiff entered the employ of the defendant for the fishing season of that year, for which he was to receive $240 and his board. He was injured through the falling of certain staging and scaffolding in and about which he was employed.

The complaint charges that ''defendant carelessly and negligently directed plaintiff to work in an unsafe place and carelessly and negligently failed to supply plaintiff with a reasonably safe place within which to perform the work required of him''; that while in its employ and as the result of its negligence, the plaintiff sustained certain personal injuries by which ''his wrist was broken, sprained and maimed, and he has been caused to suffer great physical pain and mental anguish, and the said wrist has been permanently maimed and injured and rendered stiff and lame, and plaintiff is wholly unable to use said wrist or his hand in the performance of any work,'' whereby he has been and is damaged in the sum of $15,000. The plaintiff also avers that he has not been paid his agreed wages.

In its answer the defendant admits its incorporation and the employment as alleged, but ''denies all of the other allegations in said complaint.'' As a further and separate answer it is alleged that

''Said accident was a pure accident and unavoidable, and one that could not have been prevented by the exercise of any due or reasonable or proper care on the part of this defendant'';

that it happened in the territory of Alaska, the laws of which concerning the relations of master and ser-

vant are fully pleaded to the effect that slight contributory negligence will not bar a recovery by the employee where the negligence of the employer was gross in comparison, "but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. All questions of negligence and contributory negligence shall be for the jury." The defendant then declares that "all persons or employees working for the defendant engaged in carrying out the details of the work were fellow-servants"; that the plaintiff's accident was the result of his own carelessness and that of his fellow-servants, and not that of the defendant; that the plaintiff "did not use diligence to detect, observe and avoid the dangers, although the dangers and risks were open and obvious"; that the plaintiff thereby contributed to his own injury; and that he assumed all of said risks, hazards and dangers.

The reply admits that the defendant "was engaged in canning salmon at a cannery in Alaska as lessee during the fishing season of 1918," and employed the plaintiff in and about its cannery and warehouse, under the provisions of the law of Alaska as alleged, but denies all other material allegations of the further and separate answer.

As a result of the trial, the jury returned a unanimous verdict in favor of the plaintiff for $12,000, upon which judgment was entered against the defendant. In due time the defendant filed a motion for a new trial for the following reasons: "(1) misconduct of the jury; (2) excessive damages appearing to have been given under the influence of passion or prejudice; (3) error in law occurring at the trial and excepted to by the defendant."

This motion was overruled in the following judgment entry:

"That the amount of the verdict is excessive and was given under the influence of passion and prejudice.

"That there was no evidence introduced upon the trial of this cause to justify a verdict for any greater sum than $2,000, and the court affirmatively finds that there is no evidence to justify a verdict in this cause in excess of $2,000, but the court is of the opinion that, notwithstanding the aforesaid findings of fact, it has no power under the law to set aside said verdict and judgment or to require plaintiff to remit that part of the verdict and judgment herein entered in excess of $2,000 and denies the defendant's motion for a new trial."

The defendant appeals, contending that "the court erred in refusing to grant its motion for a new trial." No exceptions were taken by either party to the introduction of evidence, to the instructions which were given to the jury, or to the refusal to give any requested instructions. The only question presented on the appeal is whether or not "the court erred in refusing to grant defendant's motion for a new trial."

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer, Beckett & Howell* and *Mr. E. K. Oppenheimer,* with oral arguments by *Mr. H. B. Beckett* and *Mr. Oppenheimer.*

For respondent there was a brief with oral arguments by *Mr. Arthur I. Moulton* and *Mr. William P. Lord.*

JOHNS, J.—In legal effect the defendant now admits its liability, but contends there is no testimony to sustain a verdict against it for $12,000.

On motion of the defendant, the plaintiff voluntarily submitted to a physical examination, and X-rays of his injuries were taken, photographs of which were introduced in evidence. The defendant did not offer any expert testimony, and there was only one surgeon called as a witness for the plaintiff. He testified that his examination showed that the plaintiff had a comminuted fracture of both the ulna and the radius in his right arm; that the bones were crooked and overlapped, and movement of the wrist and hand was limited; that there was more or less stiffness in the wrist and tendons; that his hand was injured; that he could not do any work which would require much motion of the arm; that his injuries were permanent; and that the arm would never become any stronger or more pliable.

The plaintiff was called as a witness in his own behalf, was seen by the jury, and testified that he lost consciousness when he fell, was taken to the hospital, and remained there for fifteen days, during which time he suffered great pain; that he is now unable to bend his wrist or close his hand; that previous to his employment in Alaska he had worked at different jobs as a laborer, receiving $3.75 per day, and overtime; and that he had not been able to do any work recently, could not do any heavy work and at the time of the trial was employed in washing dishes.

Pedro Castro, who was working on the same platform, testified that the plaintiff was lying flat on the floor; that his arm was broken, he was cut in three places on the face and in two places on the arm; and that the bones were protruding through the flesh.

The defendant requested numerous instructions, which were given by the court, and the theory of its

case was fully and fairly submitted to the jury. Among others, the court gave the following charge:

"In arriving at your verdict in this cause, you should determine the same solely from the evidence and instructions given you, and should not be influenced by any feelings of sympathy or prejudice, either in favor of or against either of the parties to this action."

The defendant cites and relies upon *Hoag* v. *Washington-Oregon Corporation,* 75 Or. 588 (144 Pac. 574, 147 Pac. 756), for the authority of this court to reduce a verdict and to render a judgment here for the amount that the plaintiff is fairly and justly entitled to receive. The Hoag case was decided by an opinion of four members of this court, with vigorous dissenting opinions by the other three members, as to the constitutional right of the court to reduce the verdict of a jury. Although it is true that by the majority opinion the verdict of $30,000 in that case was set aside and a judgment was here entered for the plaintiff for $14,000, the majority opinion was expressly founded upon the fact that there was prejudicial error in the giving of instructions and that the verdict was based upon such faulty charge. In the instant case there were no erroneous instructions, and the only exception was to the amount of the verdict.

1. Article VII, Section 3 of the Constitution as amended in 1910 (Laws 1911, p. 7), provides:

"In actions at law, where the value in controversy exceeds twenty dollars, the right of trial by jury shall be reserved, and no fact tried by a jury shall be otherwise re-examined by any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

The purpose of this amendment was to prohibit courts from setting aside or modifying judgments

founded upon verdicts of juries, where there is no prejudicial error in the record. In this case the jury was properly instructed, and there is no assignment of error except as to the amount of the verdict. Under such circumstances, it was for the jury only to fix the amount of plaintiff's damages, which it did by a unanimous verdict.

2. The Circuit Court was of the opinion that the plaintiff should not recover more than $2,000, and it is probable that other juries might return a verdict for much less than $12,000; but the fact remains that the plaintiff was injured, that his disability is permanent, and that in addition to his pain and suffering the use of his arm is greatly impaired. There is no fixed standard as to the amount that the plaintiff should recover for his injuries. That is a question of fact for the jury, and different juries would return different verdicts under the same state of facts.

The record shows that the defendant had a fair trial, and its only exception is to the amount of the verdict. There is nothing in the record to indicate any passion or prejudice. Although in the opinion of this court the amount of damages awarded might be deemed excessive, we cannot affirmatively say that there is no evidence to support it. Under the record in the case, this court is powerless to grant relief. The judgment is affirmed.                                    AFFIRMED.

MCBRIDE, C. J., and BEAN and BENNETT, JJ., concur.