Submitted on brief December 21, 1926, reversed and remanded April 19, rehearing denied May 24, 1927.

# HELEN M. HOUSTON v. WAYNE MAUNULA

## ET AL.

### (255 Pac. 477.)

**Witnesses—Question to Driver of Automobile Striking Pedestrian, "All \* \* You had to Do Then was Just to Switch That Wheel Over Four Inches \* \* and You Didn't Do It, Did You? Held Improper as Argumentative.**

1. In action for injuries to pedestrian struck by automobile, question on cross-examination of driver, "Then all in the world you had to do then was just to switch that wheel over four inches, not four feet, and you didn't do it, did you? *held* improper as argumentative.

**Witnesses—Question to Driver of Automobile Striking Pedestrian as to Distance from Him of Lights He Saw Held Improper as Argumentative and Merely Calling for Computation.**

2. In action for injuries to pedestrian struck by automobile, question to driver on cross-examination, "So then these lights that you saw \* \* must have been across the street from you, the 60 feet and the 155 feet away; that makes it about 210 feet \* \* away?" *held* improper as argumentative and merely calling for computation.

**Negligence—Negligence must be Proximate Cause of Injury.**

3. Unless negligent act is proximate cause of injury complained of, negligent person is not liable therefor.

**Municipal Corporations—Pedestrian's Contributory Negligence Bars Recovery for Injury by Automobile Driver's Negligence.**

4. Pedestrian whose failure to exercise care and prudence of ordinarily . prudent person under same conditions in crossing street contributed to her injury by automobile cannot recover, though automobile driver was also negligent.

**Negligence—"Proximate Cause" of Injury is Probable or Direct Cause Setting in Motion Causes Producing Injury.**

5. "Proximate cause" of injury is probable or direct cause that sets in motion or operation other causes, thus producing injury, or cause without which injury would not have occurred.

**Municipal Corporations—Answer Held Sufficiently Broad to Justify Instructions on Contributory Negligence of Pedestrian Injured by Automobile.**

6. In action for injuries to pedestrian struck by automobile, affirmative allegations of answer that plaintiff suddenly attemped to

5. Proximate cause of injury from negligence, see notes in 50 Am. Rep. 569; 36 Am. St. Rep. 807.

cross diagonally across roadway between long procession of automobiles, and that driver of defendant's automobile did not see plaintiff until she suddenly appeared about four feet in front of car too late to stop it, *held* sufficiently broad to justify instructions on contributory negligence and proximate cause.

Appeal and Error — Words, "Set Aside for Vehicular Traffic," in Instruction to Find for Defendants if Ordinarily Prudent Person Would not have Attempted to Cross Part of Roadway so Set Aside, Held Harmless as Merely Describing Part not Occupied by Sidewalks.

7. In action for injuries to pedestrian struck by automobile, instruction to find for defendants, if person of ordinary prudence would not have attempted to cross part of roadway "set aside for vehicular traffic," *held* harmless as against objection that quoted language was not warranted by evidence or pleadings; it being merely descriptive of part of thoroughfare not occupied by sidewalks.

Municipal Corporations—Automobile Driver's Testimony Held to Warrant Instruction on Pedestrian's Contributory Negligence.

8. In action for injuries to pedestrian struck by automobile, driver's testimony that it appeared to him that plaintiff was walking diagonally across thoroughfare *held* sufficient to warrant instruction on contributory negligence in so doing.

Appeal and Error—Instruction That It was Duty of Pedestrian Struck by Automobile to Use Every Precaution to Avert Apparent Accident Held Reversible Error as Requiring More Than Reasonable Care.

9. In action for injuries to pedestrian struck by automobile while crossing street, instruction that it was plaintiff's duty to use every precaution to avert apparent accident *held* reversible error, as contradicting other instructions and requiring more than reasonable care demanded by law.

Appeal and Error—Giving Contradictory Instructions is Reversible Error.

10. It is reversible error to give contradictory instructions.

Appeal and Error—Supreme Court will not Retry Action for Injuries to Pedestrian Struck by Automobile, Except for Special Reasons and Where Justice Demands.

11. Supreme Court will not retry case, such as action for injuries to pedestrian struck by automobile, except for special reasons and where justice demands it.

Appeal and Error, 4 C. J., p. 1031, n. 31.
Motor Vehicles, 28 Cyc., p. 49, n. 49.
Negligence, 29 Cyc., p. 488, n. 29, p. 489, n. 33, 34, p. 507, n. 47, p. 512, n. 79, 81, p. 560, n. 33.
Trial, 38 Cyc., p. 1605, n. 69.
Witnesses, 40 Cyc., p. 2518, n. 83.

From Clatsop: **J. A. EAKIN,** Judge.

In Banc.

This is an appeal from a judgment based on a verdict in favor of defendants. The plaintiff brought an action to recover $10,000 in damages for injuries received by her when struck by an automobile belonging to the defendants and operated by one of their employees. On the nineteenth day of September, 1922, the plaintiff was returning from Pier No. 3 of the Port of Astoria where a county fair was in progress. Said Pier No. 3 was connected with the City of Astoria by a thoroughfare extending at right angles northerly from Taylor Avenue. Said thoroughfare was crossed at right angles by the tracks of the S. P. & S. Ry. Co., extending easterly and westerly approximately parallel with Taylor Avenue. The thoroughfare from the northerly boundary of Taylor Avenue to said S. P. & S. Ry. tracks had sidewalks about eight feet wide on both the west and east borders thereof. From said railroad tracks to the said Pier said thoroughfare was without sidewalk on either side thereof. The plaintiff was struck and injured about 7 o'clock in the evening of said day. The answer of the defendants admits the partnership under the name of Maunula Auto Company and denies all the other allegations of the complaint. For a further and separate answer and affirmative defense defendants allege that while said auto was being carefully driven at a rate of speed not in excess of 12 miles per hour the "plaintiff suddenly attempted to cross diagonally across said roadway between the long procession of automobiles traveling south and north respectively" on said thoroughfare; that at said time there was a long procession of cars

proceeding between the City of Astoria and said Pier No. 3; that defendants' car was being carefully driven maintaining its place in said procession of cars going southward toward the city; that it was dark and raining at the time; that said driver had dimmed the lights in his car in order to protect the cars traveling northward towards said Pier; that defendants' driver did not see the plaintiff until she suddenly appeared in front of the car about four feet distant; that he promptly applied the brakes and endeavored to stop the car before striking plaintiff but was unable to do so; that plaintiff's injuries were caused by her own negligence in attempting to cross said thoroughfare in the manner and at the place and time she did; that plaintiff collided with defendants' car about 50 feet southerly from the said railroad tracks where sidewalks existed along both sides thereof, and then alleges:

"That plaintiff, in attempting to cross said roadway diagonally at the time and under the conditions in the manner and at the place as above described, was guilty of the grossest kind of carelessness, negligence and recklessness, and that her carelessness, negligence and recklessness directly contributed to and was the proximate cause of her colliding with defendant's automobile and that without her said carelessness, negligence and recklessness the said collision and said accident would not have occurred."

The reply puts in issue the affirmative allegations of the answer.

Plaintiff assigns 14 errors, two of which are based upon the court's ruling sustaining objections to two questions propounded on cross-examination to F. O. Koller, a witness in behalf of defendants. All the

other assignments of error are based upon alleged erroneous instructions given to the jury by the court.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. G. C. & A. C. Fulton.*

For respondents there was a brief over the name of *Messrs. Norblad & Hesse.*

COSHOW, J.—1. Assigned errors Nos. 1 and 2 are based upon the order of the court sustaining an objection to the following questions propounded on cross-examination to the driver of the automobile:

"Then all in the world you had to do then was just to switch that wheel over four inches, not four feet, and you didn't do it, did you?"

2. This question was argumentative. Great latitude had been allowed counsel for plaintiff in cross-examining said witness. The court did not abuse his discretion in sustaining the objection to that question.

"So then these lights that you saw, as I gather, must have been across the street from you, the sixty feet and the hundred and fifty-five feet away, that makes it about 210 feet they are away from you?"

In addition to this question being argumentative, it merely calls for a computation. Probably the jury would have computed more accurately the distance than counsel for plaintiff did in his question.

3-5. Plaintiff complains, too, of the following instructions.

"Unless the negligent act is the proximate cause of the injury complained of, such negligent person would not be liable for the injury."

"So that in addition to finding whether the defendants were guilty of negligence as alleged, you would also have to determine whether or not such negligence was the proximate cause of the injury, and, unless you found it was such proximate cause of the injury, you could not find your verdict for the plaintiff.

" * * it was also her duty to exercise care and use every precaution to avert apparent accident, and, if you find that she attempted to cross the roadway and in going upon the street or going across it, she did not exercise reasonable care, and that such failure on her part contributed to her injuries, then she cannot recover.

"That is to say, if it had not been for her negligence, the injury would not have been received, then she would not be entitled to recover, notwithstanding the fact that the defendant was also negligent."

"If you find from the evidence in this case that the plaintiff did not exercise the amount of care and prudence which an ordinarily prudent person would have used or exercised under the conditions prevailing at that time, and failed to exercise the degree of care for her own safety in walking along said road, or in attempting to cross said road at the time and manner as elucidated by the evidence, which a person possessed of reasonable prudence would have used under the same conditions and circumstances and that such negligence contributed to her injuries, then your verdict must be for the defendant."

" * * if you find from the evidence in this case that a person possessed of ordinary prudence would not have attempted, under the same circumstances and conditions, to either walk or attempt to cross that part of the planked roadway in question, set aside for vehicular traffic, and that plaintiff in walking over and along or attempting to cross said roadway, if you find she did attempt to cross it was guilty of contributory negligence on her part, without which

the injury could not have happened, then your verdict must be for the defendants.''

''The plaintiff is not entitled to recover in this case if she was guilty of any contributory negligence whatever contributing towards the happening of the accident and without which negligence on her part the collision would not have occurred.''

''If you find from the evidence in this case that the plaintiff was guilty of any contributory negligence in exercising her rights as a pedestrian on said street, then your verdict must be for the defendants.''

'' * * in order to find a verdict for the plaintiff in this case, you must be satisfied not only that defendants were negligent, but also that their negligence was the proximate cause of the injury, and also, before you can find that the plaintiff is not entitled to recover on account of her own negligence, you must find not only that she was negligent in some act on her own part but that such negligence was a contributing cause to the injury which she received.''

''The proximate cause of an injury is the probable or direct cause. It is the cause that sets in motion or operation another or other causes and thus produces the injury. It is the cause without which the injury would not have occurred.''

These instructions clearly state the law in this jurisdiction regarding liability for negligence and the result of contributory negligence. The principle that one injured in an accident by the negligence of another cannot recover from that other if he himself is guilty of negligence contributing to the injury is too well established now to be reconsidered. The doctrine of comparative negligence is not the law of this state in cases of the kind at bar: *Ramp et al.* v. *Osborne et al.,* 115 Or. 672, 691 et seq. (239 Pac. 112); *McGilchrist* v. *Portland E. & E. Ry. Co.,* 79 Or. 91 (154 Pac. 419).

6. Plaintiff contends that the affirmative answer of defendants does not sufficiently allege contributory negligence and proximate cause to justify the instructions given by the court on those principles. We think the affirmative allegations in the answer are sufficiently broad to justify the instructions complained of. In fact the entire affirmative defense of defendants is based upon the alleged contributing negligence of the plaintiff which defendants aver was the proximate cause of the injury she received.

7. Plaintiff also complains of the language "set aside for vehicular traffic," claiming that said language is not warranted by the evidence or the pleadings. The evidence discloses that at the point in the thoroughfare where the collision between plaintiff and defendants' automobile occurred sidewalks occupied about eight feet on both sides of the thoroughfare. The language complained of is merely descriptive of that part of the thoroughfare not occupied by sidewalks. No harm could have been done plaintiff by that language.

8. It is also contended that there is no evidence that plaintiff was attempting to cross the street diagonally. In this we think the plaintiff errs. The evidence is not conclusive that plaintiff was attempting to cross the street either diagonally or at right angles, but it did appear to the driver of defendants' automobile that plaintiff was walking diagonally crosswise of said thoroughfare, and he so testified. The instruction in that regard was proper.

9, 10. The instructions as a whole were well-nigh faultless, with the exception of this language given in the charge to which exception was taken by the plaintiff:

"It was also her duty to exercise care and use *every precaution to avert apparent accident* * * ."

This language is contradictory of the other language quoted from the instructions above and requires from plaintiff a higher degree of care than the law demands. Only reasonable care was required of the plaintiff. The court correctly instructed the jury in this regard. It is reversible error to give contradictory instructions: *State* v. *Stone*, 111 Or. 227, 234 (226 Pac. 430); *Neis* v. *Whitaker*, 47 Or. 517, 524 (84 Pac. 699). The jury seems to have been confused regarding the meaning of the court and requested further instructions on contributory negligence. Whereupon the court repeated the objectionable language last quoted.

11. This court will not assume the responsibility of retrying a case of the nature of the instant action, except for special reasons and where, in its opinion, justice demands that this court retry the case. We believe that a jury is better qualified to pass upon the facts under proper instructions than is this court in a case of this kind. Because of the error committed in instructing the jury that it was plaintiff's duty to exercise care and use *every precaution* to avoid apparent accident, the cause is remanded to the Circuit Court for a new trial.

REVERSED AND REMANDED.

BURNETT, C. J., and MCBRIDE and RAND, JJ., concur.

BELT, J., Dissenting.—The instructions, considered in their entirety, fully and fairly conveyed to the jury the idea that the conduct of plaintiff in crossing the street at time of accident was to be

measured by the degree of care which a person of ordinary prudence and caution would have exercised under the same circumstances.   It was technical error to require plaintiff to use "every precaution to avert apparent accident," but, in the light of the entire charge, such does not, in my opinion, justify a reversal.

BEAN and BROWN, JJ., concur in this dissent.