Argued October 15; affirmed November 17, 1931

## EMMONS *v.* SKAGGS
### (4 P. (2d) 1115)

*Marvin K. Holland,* of Portland, for appellant.

*Paul R. Harris,* of Portland (Davis & Harris of Portland, on the brief), for respondent.

BEAN, C. J. The defendant appeals from a judgment on a verdict in favor of plaintiff in a personal injury case, which arose out of an accident happening February 8, 1930, at about 5:30 p. m.

The plaintiff, an elderly woman about fifty-six years old, was walking in a northerly direction on the east side of East Eighth street in Portland, Oregon. As she approached the intersection of East Eighth and East Ankeny streets she stopped on the curb to look for traffic. After looking to her left and seeing no vehicle approaching, she looked to the north and

saw defendant's car coming, and, as she testified, it "started to cross on Ankeny. * * * I supposed, of course, it was going on and I looked the other way and something hit me."

The specifications of negligence in the plaintiff's complaint are as follows:

"(a) That said defendant at said time and place carelessly and negligently failed to have his automobile under proper control;

(b) That said defendant at said time and place carelessly and negligently failed to keep a proper lookout;

(c) That said defendant at said time and place operated his said automobile at a high, dangerous and reckless rate of speed, considering the character of and the conditions existing at the time and place of the accident;

(d) That said defendant at said time and place carelessly and negligently failed to sound any warning or alarm of his approach;

(e) That although the plaintiff was a pedestrian using a regular pedestrian crossing within a business and/or residence district, the defendant carelessly and negligently failed to look out for and yield to plaintiff the right of way."

There were two street car tracks on Ankeny street, and plaintiff had proceeded to about the street car tracks when she was hit. She testifies that she heard no sound or signal of any kind on the approach of defendant's car; that she stood long enough on the curb before proceeding across Ankeny street to look; that she saw defendant's car just as it started to cross over into Ankeny street and then she stepped down to cross the street and that was the last she saw of the car, and she naturally assumed the automobile had passed on to the south.

The defendant, in describing the accident, testified to the effect that he "went to make that corner, and

in doing so I looked around but didn't see anything, and when my lights got around in front of my car, I had struck Mrs. Emmons without ever having seen her''; that she was next to the railroad tracks and was struck by his left front fender; that he did not sound any horn or give any signal; that it was very dark and he did not see the plaintiff until after the impact. Defendant was asked: ''Now, Mr. Skaggs, if you came down the center, explain why you didn't see that woman going toward that car track, if you had your lights on. Can you explain that? A. I cannot.'' Defendant testified that he was going between nine and ten miles per hour.

■■ It is undisputed that plaintiff, at the time of the accident, was crossing Ankeny street in the regular pedestrian crossing and was entitled to the right of way. The jury might reasonably conclude that if defendant had taken proper precautions he would have seen the plaintiff and that he had plently of room to drive to the right and avoid hitting plaintiff, who was near the center of the street, and that he failed to look out for and yield to plaintiff the right of way and failed to sound any warning or alarm of his approach. The movement of the traffic at this intersection, which was in the business or residence district of the city, was not regulated by traffic officers or traffic direction devices.

In *Hecker v. Union Cab Co.*, 134 Or. 385 (293 P. 726), a pedestrian was crossing the street at a regular pedestrian crossing, the same as plaintiff was in this case. The contention was raised that plaintiff was guilty of contributory negligence. In disposing of this question, this court held as follows:

''The statute provides, in effect, that the driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedes-

trian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block, except the intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices: Oregon Code 1930, § 55-601.''

The testimony indicated that the plaintiff was crossing the street, as she had a right to do; that she looked for approaching vehicles before she started across the street, and that thereafter, when she saw the defendant's car coming from the north, she supposed it would continue to cross Ankeny street and proceed to the south, and there appeared to be no danger in her crossing the street.

It was a question for the jury to determine, whether plaintiff, when she approached the intersection, as the circumstances reasonably appeared to her at that time, acted as a person of ordinary caution and prudence in determining whether she could cross with a reasonable degree of safety. If the jury believed from the evidence that plaintiff could not reasonably apprehend the danger, upon consideration of all of the circumstances as they appeared to her, and that she exercised reasonable care for her own safety in looking for the approach of vehicles before and while she was making the crossing, then the jury was warranted in finding that the plaintiff was not guilty of contributory negligence. 2 Blashfield, Cyc. of Automobile Law, p. 1020, states as follows:

''The question as to whether a pedestrian, who is struck by an automobile or other motor vehicle, at or near a regular street crossing, or at a place customarily used as a crossing, exercised proper care, or has been guilty of contributory negligence which will defeat his recovery for injuries sustained by such collision, is almost invariably one for the jury.''

Under the circumstances of the case it was a question for the jury to determine whether the defendant was negligent in using proper care in making the turn on Ankeny street and looking out for pedestrians and giving them the right of way. See *Hecker v. Union Cab Company,* supra; *Manning v. Helbock,* 135 Or. 262 (295 P. 207); *Houston v. Maunula,* 121 Or. 552, 560 (255 P. 477).

■ The defendant urges that the court should find that this is a case where it ought to exercise the powers vested in it by the Oregon Constitution, Art. VII, § 3, and retry the case. We find no error in the record. Therefore this court is not authorized to retry the case. The testimony tends to show that the plaintiff was seriously and permanently injured. Under the constitution, the alleged excessiveness of the verdict cannot be questioned, unless the court is in a position to affirmatively say there was no evidence to support the verdict: *Malpica v. Cannery Supply Co.,* 95 Or. 242 (187 P. 596). The case was fairly tried. We find no error in the record. As we deem the negligence of the defendant and alleged contributory negligence of plaintiff were exclusively questions of fact for the jury, the verdict should not be disturbed.

The judgment is affirmed.

BROWN, RAND and CAMPBELL, JJ., concur.