Argued February 1; affirmed February 14, 1933

# KRIEGER *v.* DOOLITTLE

(18 P. (2d) 1041)

*Harry J. De Francq,* of Portland (J. S. Molzner, of Portland, and Guy O. Smith, of Salem, on the brief), for appellant.

*Walter C. Winslow* and *Brazier C. Small,* both of Salem, for respondent.

BAILEY, J.  Fred Krieger, on January 17, 1931, while crossing the Pacific highway as a pedestrian at a point about a mile to a mile and a half south of Aurora, was struck and killed by defendant's automobile.

At the place of the accident the Southern Pacific railroad tracks run parallel with and a short distance west of the highway.  Along the west side of the highway and parallel with it, immediately beyond the shoulder of the road and some eight or ten feet from the edge of the pavement, is a ditch two or three feet deep, and across this ditch a plank bridge.  The highway here is practically level.  The pavement is sixteen to eighteen feet wide and was then dry.

Krieger's home was west of the Pacific highway and the railroad tracks.  His mail box, however, was on the east side of the highway opposite the bridge, within two or three feet of the pavement, and to reach it he had to cross the tracks, the bridge and the highway.  A short time before the accident he had gone for his mail and was recrossing the highway toward his home when struck by defendant's automobile.

At the time of the accident defendant's employee Snyder, was going south on his way to Salem from Portland, driving a model-A Ford service car.  He testified that when he came around the curve of the highway about one-fifth of a mile north of the place

of the accident he saw Krieger with a paper in his hand, leaving the mail box and starting across the highway. At that time he thought Krieger had glanced in his direction, had seen him approaching and would stop on reaching the middle of the highway until defendant's automobile passed. Krieger, however, proceeded across the highway toward the bridge, looking at his paper, and, as far as Snyder observed, did not again look in the direction from which the car was coming. There was then no other traffic on the highway in that vicinity.

When Snyder was within fifteen or twenty feet of the bridge he saw Krieger immediately in front of him on the pavement, near the west edge thereof. He did not blow his horn or give any other signal of his approach, nor did he slacken his speed until he applied the brakes at or about the moment of contact. He turned his car to the right, with the right wheels off the pavement, in an effort to avoid striking Krieger, but did, nevertheless, strike him with the left fender of the car. The impact occurred at a point on a line between the bridge and the mail box, on the pavement, within two or three feet of the west edge thereof. The car traveled 81 feet from the point where it struck Krieger, more than one-half of that distance in the ditch, before striking a power-line pole, damaging both pole and automobile, and then proceeded 17 feet farther before coming to a stop. When the driver got out of his car he found Krieger lying about five feet behind the car. An ambulance was summoned, but Krieger died on his way to the hospital.

The testimony of Abst, a member of the state police force, is to the effect that he arrived on the scene a

short time after the accident, observed the marks of defendant's car, and, in the presence of the driver, measured the distance from the bridge to the pole and from there to where the car stopped. His measurements corresponded with the driver's testimony. Abst further testified that the car left the pavement about fifteen to twenty feet north of the bridge and at the bridge it was practically off the pavement; that immediately south of the bridge it started into the ditch; and that at a point thirty-five or forty feet south of the bridge it was entirely in the ditch, where it proceeded in the soft dirt until it struck the power pole, a timber ten to twelve inches in diameter, from which it tore a large segment. On arriving at the scene, the state police officer talked with Snyder, who stated that he had been driving rather fast and that he had not sounded his horn and had not diminished his speed prior to contact, but had put on his brakes about the time he struck Krieger.

A number of other witnesses testified concerning what was seen and done after the accident, but the driver of the automobile was the only eyewitness of the accident. At the close of plaintiff's testimony, defendant moved for an involuntary nonsuit on the ground that the evidence was insufficient to warrant submission of the case to the jury. The denial of this motion constitutes the first assignment of error.

■ On appeal, in passing upon a motion for a nonsuit, all of the evidence in the case should be considered: *Weygandt v. Bartle,* 88 Or. 310 (171 P. 587). The evidence introduced by plaintiff relating to the probable cause of the accident consisted largely of statements made by the driver of the car, and it is urged that such

evidence was hearsay, not a part of the *res gestae,* and therefore incompetent. We need, however, to refer only to the testimony of the automobile driver, for sufficient evidence to sustain the verdict of the jury. The accident occurred on the public highway, which Krieger had as much right to use as had the driver of the automobile. According to the testimony of Snyder, the driver of the car and defendant's only witness, he noticed Krieger leaving the mail box and starting across the highway when he was approximately one thousand feet away, and from that time on he apparently paid little or no attention to Krieger's movements until he was within fifteen or twenty feet of the place where the accident occurred. At that time Krieger was within two or three feet of the west edge of the pavement, and Snyder, instead of turning his car to the left and remaining on the pavement, which he could easily have done, inasmuch as there was no other traffic on the highway, swung his car to the right, in the direction in which Krieger was proceeding, but not far enough to avoid striking Krieger with the left fender of the car. He gave as his only reason for not paying more attention to Krieger's whereabouts on the highway his belief that Krieger would not proceed beyond the middle of the highway until after he had passed.

■■ In view of this, and the other testimony given by Snyder, to which reference has been made, the jury was warranted in finding that the defendant's driver was traveling at an excessive and dangerous rate of speed; that he negligently failed to give warning of his approach; that he did not have his car under control; and that his negligence was the proximate cause of the accident.

Section 55-513, subdivision (b), Oregon Code 1930, provides:

"No person shall drive any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, nor without due caution and circumspection and/or at a speed or in a manner so as to endanger or be likely to endanger any person or property".

And section 55-905 requires that:

"Every person operating a motor vehicle shall sound said bell, gong, horn, whistle or other device whenever necessary as a warning of danger * * *".

The driver's own testimony is to the effect that he did not observe these requirements of the law.

Defendant contends that plaintiff's decedent was guilty of contributory negligence and that therefore a nonsuit should have been granted. At the time plaintiff rested his case there was no evidence from which the court could say as a matter of law that plaintiff's decedent was guilty of negligence. The same was true after defendant had introduced his evidence. It was a question for the jury to determine: whether or not the injury was caused by defendant's negligence and whether or not plaintiff's decedent was guilty of any negligence that contributed thereto.

■ At the commencement of the trial the plaintiff requested permission to amend subdivision (f) of paragraph III of the complaint by adding the words "wilfully and wantonly", so that said subdivision after amendment read as follows:

"That said defendant carelessly and negligently, wilfully and wantonly, ran said car into, over and upon plaintiff's deceased".

Defendant objected to this amendment on the ground that it was an attempt to "inject a new and distinct cause of action", and on the further ground that the allegation of negligence was "incompatible" with the allegation of "wilfully and wantonly". Defendant was in nowise prejudiced by this amendment, as the plaintiff relied, at the trial of the case, upon the negligent acts of the defendant. Moreover, this court held in *Woodard v. A. F. Coats Lumber Co.,* 97 Or. 302 (191 P. 668), that the use of the adverb "wilfully" was a mere statement of a conclusion, and the same could be said here of the use of the word "wantonly".

■■ Defendant assigns as error the giving by the court of the following instruction:

"A person driving an automobile is driving a machine capable of doing great damage if not handled in a careful and prudent manner, therefore, it takes more care on the part of the driver of an automobile to amount to reasonable care in the situation than is required of a pedestrian walking across the highway. While the same degree of care is imposed on both the automobile driver and the pedestrian, the amount of care may be different for it may be said the autoist is bound to exercise a greater amount of care than the pedestrian".

The first sentence of this instruction is identical with the instruction, approved by this court, in the case of *Hinckley v. Marsh,* 124 Or. 1 (263 P. 886), with the exception that the word "across" is substituted for the word "along". The latter part of the instruction above quoted is a restatement, in slightly different language, of the first sentence. Exception was taken to the entire instruction and if any portion thereof is correct the objection must be overruled. The trial

judge instructed the jury fully on all of the issues involved in the case, including the question of contributory negligence on the part of plaintiff's deceased, and no error was committed in giving the foregoing instruction.

■ The next error assigned is the giving of the following instruction:

"A pedestrian about to cross a road, who looks and sees a car approaching, may *calculate* upon passing in front of it upon the assumption that it will approach at a lawful rate of speed and if he observes no vehicles on the road within a distance which would be covered by vehicles approaching at a lawful speed, he may proceed upon the assumption that all vehicles outside of such distance will not run at an unlawful speed".

The contention of defendant in this instance is that a pedestrian about to cross a road and seeing a car approaching has no right to "calculate upon" passing in front of the car, and in support of this contention the case of *Green v. Ruffin,* 141 Va. 628 (125 S. E. 742, 127 S. E. 486), is cited and quoted from, as follows:

"It is not the duty of pedestrians to make mathematical calculations before crossing streets in front of automobiles, but to exercise ordinary care for their safety".

The word "calculate" when used in connection with the word "upon" may mean "count upon" or "rely upon".

In his exception to this instruction the defendant stated that "the measure is the care of a reasonable and prudent person and not upon the calculations of the pedestrian". In referring to the duty of the pedestrian, the court said:

"It is the duty of one attempting to cross the highways in this state to use reasonable care to avoid in-

jury, and the degree of care which such person is required to exercise in so doing, is commensurate with the danger attending at the time and place where said person attempts to cross said highway. In this case, in determining whether the decedent, Fred Krieger, exercised the degree of care required, you may take into consideration the character of the highway over which he was attempting to cross, the frequency of travel, the familiarity of decedent with said highway and any and all circumstances shown to have existed by the evidence, and if after a consideration of said matters, you find said decedent did not exercise that care which an ordinarily prudent person would have used in the same or similar circumstances in crossing said highway, that he was guilty of some or all of the negligence set forth in the further and separate answer of defendant, and that such negligence upon the part of the decedent, if you find there was negligence upon his part, contributed proximately, even though slightly, to the injury of which plaintiff complains, your verdict must be for defendant''.

In view of the foregoing quoted instruction, no prejudicial error was committed in giving the instruction of which defendant complains.

As we find no error, the judgment appealed from is affirmed.

RAND, C. J., BEAN and CAMPBELL, JJ., concur.