Argued July 13; affirmed July 24, 1934

## SISKEL *v.* CALHOUN

(34 P. (2d) 659)

*James Arthur Powers,* of Portland (Senn & Recken, of Portland, on the brief), for appellant.

*Otto J. Kraemer,* of Portland (Chamberlain, Thomas & Kraemer, of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff brings this action to recover damages for personal injuries alleged to have been sustained by reason of being struck by an automobile belonging to and being driven by defendant at the time of the injury.

When plaintiff rested her case in chief, defendant moved for a non-suit. This motion was overruled. Defendant thereupon introduced his evidence. The cause was submitted to the jury which returned a verdict

for plaintiff.  Defendant appeals, assigning as the sole error the action of the court in overruling the motion for a non-suit.

■■  When plaintiff rested her case there was competent evidence submitted tending to prove that: On Thursday evening, October 13, 1932, at about 7 o'clock, the plaintiff, a young lady in her early twenties, was walking west on College street near Broadway avenue; upon reaching the intersection of these streets, the latter being fifty feet wide from curb to curb, and running north and south, either as she stepped off the curb or immediately thereafter, she looked up and down the street, observed a car, the only one visible on the street, traveling south on Broadway and approaching said intersection, about one and one-half blocks away; she proceeded across Broadway in the pedestrian safety lane, the boundaries of which were marked on the pavement; that there was a lighted arc-light at the intersection; plaintiff had reached a point of about four or five feet from the west curb, when she was struck by defendant's automobile, knocked down, and sustained severe injury to her person; it was raining and the streets were wet; that the first people who arrived at the scene of the accident found plaintiff lying in the pedestrian lane with her body in the gutter and her head on the curb; that defendant's car, immediately prior to the accident "was going between thirty-five and forty miles an hour, for sure", and that, after the impact, the defendant's car continued through the intersection down the street about one-half block, a distance of about one hundred and sixty feet, before being brought to a stop.

Defendant contends that because plaintiff's testimony does not show that she kept a continuous look-

out northerly, after passing the center of the street, she was guilty of contributory negligence as a matter of law.

This court can not say, under the state of facts shown by the foregoing testimony, as a matter of law, that plaintiff did not do as a reasonably prudent, careful person would have done. She had the right of way: Oregon Laws, 1931, ch. 360, § 38. She had a right to assume that defendant would obey the law: *Krieger v. Doolittle*, 142 Or. 122 (18 P. (2d) 1041). It was a question for the jury. See authorities cited under § 2-1001, Oregon Code 1930.

The judgment will be affirmed. The motion to add a 10 per cent penalty, by reason of the appeal, will be denied.

It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.