Argued April 6, affirmed April 19, 1977

# ARONSON et al, *Appellant,*
*v.*
# FAGAN, *Respondent.*
## (No. 75-3316, SC 24592)

562 P2d 974

Roy Dwyer, P.C., Eugene, argued the cause and filed a brief for appellant.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before Denecke, Chief Justice, and Tongue, Bryson, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J.,** Pro Tempore.

A jury verdict was returned against plaintiff, who was seeking damages for personal injuries. Four interrogatories were submitted to the jury: defendant's negligence, plaintiff's negligence, percentage of negligence, and damages. Plaintiff was found to be 80 percent negligent by 10 of the 12 jurors. The attorney for plaintiff requested the trial court to poll the jury on each interrogatory. This request was denied, although a poll was taken on the entire verdict.

The sole question raised by this appeal is whether the trial court erred in denying plaintiff's request to poll each juror on each question submitted to them.

The record reveals that after plaintiff's attorney had made the request to poll each juror on the four questions, the trial judge, in the presence of the jury, said:

"MR. DWYER: Your Honor, could we have the jury polled on each individual question?

"THE COURT: Poll each question?

"MR. DWYER: Yes.

"THE COURT: No, I think I'll deny that request, Mr. Dwyer. We can have a poll on whether or not this is the verdict of each of the jurors who will so respond and you see we have already sent them a note saying that at least nine jurors must concur in the entire verdict and I assume that the jury carried that instruction out.

"If you desire the jury polled simply as to whether this is their Verdict —

"MR. DWYER: —yes.

"THE COURT: All right.

"Now, members of the jury, I don't know whether you have been on juries which have been polled previously. The Clerk will call your individual names and as your name is called, then if you voted for this Verdict, say 'yes'. If you did not vote for the Verdict, say 'no'.

"Now, let me inquire first, was the Verdict by any chance unanimous?

"THE FOREMAN: It was not.

"THE COURT: Of course, those of you that say 'yes' have to *agree with each* of the answers in the several questions." (Emphasis added.)

The jury was then polled.

Plaintiff argues that "[a]t no time did the foreman or jurors, either by response to inquiry by the trial court or by any other means, acknowledge their understanding that the same nine or more jurors had to agree on the answer to each question on the verdict form."[1] Plaintiff further contends that the jury may have been confused after receiving the note from the court informing them that "at least nine jurors must concur in the entire verdict."

ORS 17.355 provides:

"(1) In civil cases three-fourths of the jury may render a verdict.

"(2) When a verdict is given, and before it is filed, the jury may be polled on the request of either party, for which purpose each shall be asked whether it is his verdict; if a lesser number of jurors answer in the affirmative than the number required to render a verdict, the jury shall be sent out for further deliberation. If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.

"(3) The jury in a criminal action may, in the discretion of the court, be polled in writing. If the jury is polled in writing the written results shall be sealed and placed in the court record."

It is our opinion that the language used by the trial court in addressing the jury ("of course, those of you that say 'yes' have to *agree with each* of the answers in the several questions") is clear and unequivocal. It follows, assuming that plaintiff was entitled to have the jury polled as requested, that plaintiff was not prejudiced by the remarks of the trial court as above

---

[1] *Munger v. S.I.A.C.,* 243 Or 419, 414 P2d 328 (1966); *Shultz v. Monterey,* 232 Or 421, 375 P2d 829 (1962); *Clark v. Strain et al,* 212 Or 357, 319 P2d 940 (1958).

stated, and we need not decide whether or not a party is entitled to have each juror polled on each question when interrogatories are submitted to the jury. We are of the opinion that the verdict received by the court was a valid verdict.

Affirmed.