Argued and submitted June 5, reversed and
remanded July 28, reconsideration denied September 11,
petition for review denied November 10, 1980 (290 Or 149)

# MARTIN,
*Respondent,*
v.
# BURLINGTON NORTHERN, INC.,
*Appellant.*
## (No. A7804-05573, CA 15105)
614 P2d 1203

Delbert W. Johnson, Portland, argued the cause for

appellant. With him on the briefs was Roger Hennagin, Portland.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief were Zig I. Zakovics and Reiter, Bricker, Zakovics & Querin, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

Defendant railroad appeals from a judgment for $325,000 in favor of plaintiff, an employe of defendant, for a back injury plaintiff claims he sustained in the Bend, Oregon, railroad yard. The action was brought under the Federal Employers' Liability Act (FELA), 45 USC § 51, et seq.

Defendant railroad seeks a new trial, or a new trial on the issue of damages only, or a remittitur on the amount of damages awarded by the jury. It assigns as error the following:

1)   Permitting plaintiff to increase the prayer for damages after both sides had rested and just prior to argument.

2)   Accepting the verdict without polling the jurors on both liability and amount of damages.

3)   Instructing the jury on weaker and less satisfactory evidence.

4)   Instructing the jury on the duty of the employer to provide a safe place to work.

5)   Instructing the jury on the central purpose of the FELA.

6)   Refusing to give defendant's requested instruction No. 18 dealing with aggravation from an earlier injury.[1]

7)   Refusing to give defendant's requested

---

[1]

"If you find that plaintiff is entitled to recover damages in this case and that his present condition involves an aggravation of a preexisting injury or disability, then in determining the amount of damages in this case (if any) you should allow him reasonable compensation for any such aggravation which you find to have taken place as a result of defendant's negligence; however, the recovery should not include any amount for the earlier injury or disability but only those which are due to its enhancement or aggravation." Defendant's requested instruction No. 18. (Oregon Uniform Jury Instruction 30.11.)

instruction No. 16 dealing with aggravation from plaintiff's heavy yard work.[2]

The essential facts may be summarized as follows:

Plaintiff is a 32-year-old brakeman-conductor who has worked for the defendant railroad out of Klamath Falls since 1970. On April 21, 1977, he was seated in a chair in the train's caboose in the Bend yard when the accident occurred. Hearing the "slack action" running in, he braced himself with his foot against the wall of the caboose and a hold on the arm of the chair. "Slack action" is a normal incident of train operation and occurs in all trains. It results from the reaction of the built-in accordion-like devices located in the couplings at both ends of each railroad car, which is apparent each time a train starts, pulls uphill, goes downgrade, and finally, when the train comes to a halt. In this instance, the jolt was exceptionally severe. Plaintiff had no memory of actually being dislodged from his padded chair, although he went forward. Plaintiff was treated by several doctors and was hospitalized and in traction for a time. A lumbar laminectomy was performed on plaintiff on October 24, 1977. This did not solve the problem, however, and another laminectomy was performed in April, 1978. After a period of convalescence plaintiff returned to work in July, 1978.

The record also shows an earlier industrial injury. In October, 1973, plaintiff fell from a railroad car, injuring his neck, shoulder and low back. He was treated by several doctors and experienced intense back pain for more than a year. Again in May, 1976, plaintiff had another episode of low back pain after

_____

[2]  "An injured person is under a duty to exercise ordinary care in following the reasonable advice of a physician in regard to treatment and care of an injury. If you find that plaintiff's disability was aggravated or prolonged because he failed to follow the reasonable advice of his physician, you may not award any damages for the aggravated or prolonged disability nor for any increased pain so caused or suffered." Defendant's requested instruction No. 16.

operating a railroad switch. Except for this, the evidence was that plaintiff was relatively pain-free from mid 1975 to the date of the second injury.

There was testimony that plaintiff, during one period of treatment and convalescence before either surgery, had engaged in strenuous physical activity, consisting of completely resodding his lawn, carrying and digging in old railroad ties in his yard for landscaping and bending over backward in painting the eaves of his house.

We summarize our conclusions as to each of defendant's assignments of error as follows:

■ First of all, we find no error as to the following assignments:

1) Permitting plaintiff to increase the prayer for damages just prior to argument. Former ORS 16.390, now ORCP Rule 23(A)(B); *Cutsforth v. Kinzua Corp.,* 267 Or 423, 517 P2d 640 (1973).

2) Accepting the verdict without polling the jury in the exact manner requested by defendant. Former ORS 17.355(2), now ORCP Rule 59(G)(3); *Aronson v. Fagan,* 278 Or 135, 562 P2d 974 (1977).

3) Instructing the jury on weaker and less satisfactory evidence. ORS 17.250(6)(7).

4) Instructing the jury on the duty of the employer to provide a safe place to work. *Shenker v. Baltimore & Ohio R. Co.,* 374 US 1, 83 S Ct 1667, 10 L Ed 2d 709 (1962).

5) Instructing the jury on the provisions of the FELA. This instruction was but a statement of a basic purpose of Congress in enacting this law. *Sinkler v. Missouri Pac. R. Co.,* 356 US 326, 78 S Ct 758, 2 L Ed 2d 799 (1958).

However, we conclude as to assignment 6 that the trial court committed reversible error in refusing

[385]

to give defendant's requested instruction No. 8 or its equivalent.

■■ Both opposing parties to a lawsuit are entitled to have the jury instructed as to their respective theories of the case where there is significant evidence relating to these issues. *Denton v. Arnstein,* 197 Or 28, 250 P2d 407 (1952); *Cline v. Bush,* 152 Or 63, 52 P2d 652 (1935); *Holden v. Blitz-Weinhard,* 45 Or App 83, 607 P2d 776, *rev den 289 Or 275* (1980). Defendant was entitled to this instruction or its substantial equivalent to put before the jury its theory that plaintiff was not entitled to compensation for any portion of his disability which was due to plaintiff's earlier injury or disability.

■ The general rule applicable in assessing damages in FELA cases was stated in *Dumphy v. Norfolk & WR Co.,* 82 W Va 123, 95 SE 863, 10 ALR 1152 (1918), as follows:

> "The elements generally allowed to enter into the amount of damages found for personal injuries are, in case of total or partial disability caused thereby, the character of the employment, the earning powers of the employe, his age and previous physical health and condition * * *."

A similar question arose in *Matthews v. Atchison T & SF Ry.,* 54 Cal App 2d 549, 129 P2d 435 (1942), another FELA case, where the railroad employe's disability resulted in part from the aggravation of a previous condition. The court held that claimant's recovery under FELA had to be limited to such damages only as resulted from the aggravation and he could not recover for damages which would have been caused by the previous condition without the aggravation. *Accord: Holladay v. Chicago B & O R. Co.,* 255 F Supp 879 (DC Iowa 1966).

Plaintiff argues that the trial court's instruction on causation, plus defendant's opportunity to argue cause to the jury in closing argument, removed the

necessity of the requested instruction. We cannot agree. We have examined the trial judge's instructions relied upon by plaintiff in attempting to support his position, but we find those instructions do not cover the point to the extent defendant was entitled to in order to place its theory of its case before the jury in the proper light.

■   Lastly, we conclude that the trial court did not err in refusing to give defendant's requested instruction that plaintiff could not recover for aggravation of his injury resulting from heavy yard work. While there was substantial medical testimony that after plaintiff's 1977 injury plaintiff had engaged in strenuous physical activity consisting of resodding his lawn, which entailed lifting and carrying large rolls of heavy sod, and in lifting, carrying and digging in old railroad ties in landscaping his yard, and that same could have exacerbated his back condition, we can find no evidence in the record, nor has our attention been invited to any, that plaintiff was ever instructed by his doctors to refrain from such physical activity. Therefore, this requested instruction was properly denied.

In summary, because of the trial court's refusal to give defendant's requested instruction on aggravation from an earlier injury, we conclude that this case must be sent back for retrial.

We decline defendant's suggestion that we order a remittitur in any amount (unless plaintiff would consent to a reduction in the jury's award), because we cannot say as a matter of law that the verdict was so grossly excessive as to shock the conscience of this court.

Reversed and remanded.