**Marietta Crandall, Appellee, v. Jacob H. Krause, Appellant.**

### Gen. No. 5469.

Evidence—*as to what opinions competent.* Persons experienced in operating automobiles, may, if the fact is material, be permitted to testify that an automobile of a particular kind in question running at a certain speed could be stopped in less than a specified distance.

Action in case for personal injuries. Appeal from the Circuit Court of Winnebago county; the Hon. Arthur H. Frost, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

F. E. Carpenter and E. M. St. John, for appellant.

E. D. Reynolds, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On June 29, 1910, Marietta Crandall, while crossing Walnut street on the west side of First street in the city of Rockford, was injured by a collision with an automobile driven by Jacob H. Krause. She brought this suit in the Circuit Court of Winnebago county to recover damages. The declaration alleged that Krause was running the automobile carelessly and negligently without giving proper signals, and that she was in the exercise of due care. On a trial she had a verdict and a judgment for $800 and Krause prosecutes this appeal.

The evidence shows that appellee was 72 years of age; that she started from her home on First street about 8:30 on the morning of the accident and was walking north on the west side of said street, and crossing Walnut street, which intersects First street at right angles, when injured. It also shows that appellant had turned around the corner from State street one block north and was coming south on First street as appellee approached the crossing. She testified that she looked and saw a sprinkling wagon coming from the west on Walnut street; that the only automobile she saw was quite a distance east on Walnut street; that she thought she had time to cross before it got there; that she hurried a little in passing the sprinkling wagon, then slowed down a little, and went right along, and the first thing she knew she was knocked down. Appellant testified that he was running four or five miles an hour as he made the turn, and at that time appellee was within fifteen or twenty feet; that she passed in front of the sprinkling wagon and stopped about a minute or a little over; that she was running right in front of the lamp on his automobile; that her body was on the front of the car and that she fell off under the car; that he tried to stop the car when she was on it, but could not, and that he stopped as soon as he could. Two witnesses testified that appellee was

carried ten or fifteen feet. Two others testified that she was picked up fifteen or twenty feet west of the crossing. Four witnesses state that the machine stopped about seventy-five or eighty feet west of the crossing. One testified that appellant was about 140 or 150 feet north of the crossing when he sounded his horn; that he was then running at the rate of six or seven miles an hour. Another witness said that he did not hear the horn sound, but that the machine was running six miles per hour. Appellant said he sounded his horn, but just where is not shown by the proof. Two expert operators testified that a machine of the type appellant was operating, running at the speed of five or six miles an hour, could be stopped in eight or ten feet. There was no evidence tending to show that appellee had occasion to suspect that an automobile going south would turn the corner and run into her.

This accident occurred at a street crossing. Hence, the rights and duties of each of the contending parties were identical. Therefore it was the duty of appellant to have his machine under such control that he could prevent its running over any person at the street crossing, as well as it was the duty of appellee to avoid being run over. The question of appellant's negligence and appellee's care were for the jury to decide. It saw and heard the witnesses. It was their peculiar province to judge of their credibility, and the weight to be given their testimony. There was ample evidence, if believed by the jury, to warrant it in deciding these questions in favor of appellee.

No question was raised concerning the instructions.

The only objection to the admission of evidence that is argued is that appellee was improperly permitted to prove that an automobile of the kind operated by appellant, running at the rate of five or six miles an hour, could have been stopped in much less than seventy-five or eighty feet. This proof was given by witnesses experienced in operating automobiles, and was

competent as bearing upon appellant's negligence in operating the automobile as it came in contact with appellee. Chicago City Ry. Co. v. McLaughlin, 146 Ill. 353.

It is also claimed that the damages are excessive.

The proof shows that appellee was quite badly hurt, and was confined to her bed for some time. Her family physician testified that up to the time of the accident she was in a fair condition of health for a woman of her age; that he examined her after the accident, found a bruise on the anterior part of her body, right leg, right thigh, and an abrasion over the left leg from the knee down and on the right thigh from the knee up and a bruise on her right cheek and one on a wrist; that he visited her several times and that she complained of great pain, mostly in the chest and limbs; that she had traumatic neuritis and pleurisy resulting from the accident, and in his opinion the neuritis would occur again from the injury. Her daughter, a practical nurse, testified that her mother's health was good prior to the injury; that she was not lame; that she was in as good health as anyone of her age could be; that since her injury she was nervous and weak; that she moaned in her sleep and gave evidences of pain; that she had been lame in her left limb since her injury. While the damages may appear excessive from the injuries described by the physician, still, when the pain and suffering which she endured is considered and the probability of the recurrence of the neuritis, we do not feel that we would be justified in saying that they were so excessive as to require this court to order a *remittitur*.

The judgment of the Circuit Court is affirmed.

*Affirmed.*