Argued July 11, decided July 22, rehearing denied September 23, 1913.

# NELSON *v.* ST. HELENS TIMBER CO.*

(133 Pac. 1167; 135 Pac. 169.)

**Appeal and Error—Record—Motion for New Trial.**
1. Where a ruling denying a motion for a new trial was not made a part of defendant's bill of exceptions, it could not be reviewed, though it was made a part of defendant's abstract, to which no objection was made until plaintiff's brief was filed.

**Appeal and Error—Assignments of Error—Effect.**
2. Assignments of error on appeal from a judgment in a law action are equivalent to the averments of a complaint, being impliedly denied by the adverse party, the bill of exceptions affording the only available evidence applicable to the matter.

**Master and Servant—Injuries to Servant—Coupling Log Cars—Assumed Risk—Duty to Warn.**
3. Where plaintiff, who had been employed by defendant for about eight months in piling logs near defendant's railroad where they were loaded on log cars, was ordered to couple two cars with a link and pin, and, though he had seen other employees do such work, he had never previously done so himself, and his hand was crushed by his failure to remove it quickly as the cars came together, plaintiff did not assume the risk, defendant owing him the duty to warn him of the danger and instruct him as to the method of performing the duty imposed.

**Master and Servant—Injuries to Servant—Extrahazardous Employment.**
4. Where plaintiff's foreman directed him to do an act not within the scope of his employment and which exposed him to a hazard and danger not contemplated in the contract of service, defendant was liable for the resulting injuries, plaintiff not having been guilty of contributory negligence, and the act being done under such circumstances that it could not be said he assumed the risk.

[As to the liability of an employer to an employee who accepts extrahazardous duties, see note in 97 Am. St. Rep. 884.]

**Appeal and Error—Exceptions—Necessity.**
5. In view of Section 172, L. O. L., providing that an exception when settled shall be deemed to be a part of the record, and that no exception need be taken or allowed to any decision upon a matter of law, a party cannot, when no exceptions were taken to questions

*The question of the duty to warn or instruct servant, generally, is treated in an extensive note in 44 L. R. A. 33.

On servant's assumption of risk from latent danger or defect, see note in 17 L. R. A. (N. S.) 76; and as to attempting dangerous work in obedience to orders without fully appreciating the danger, see note in 4 L. R. A. (N. S.) 838.                REPORTER.

asked jurors on their *voir dire* examination, obtain a view of alleged errors by complaining of the same in his motion for new trial, the purpose of an exception being to have incorporated in the record the written evidence concerning rulings not made of record.

**New Trial—Right to New Trial—Excessive Damages.**
   6.   Under Article VII, Section 3, of the Constitution as amended November 8, 1910 (see Laws 1911, p. 7), declaring that in an action at law, where the value in controversy shall exceed $20, no fact tried by a jury shall be re-examined in any court in the state, unless the court can affirmatively say there is no evidence to support the verdict, a new trial cannot be granted on account of the excessive damages, where there was evidence tending to support the verdict.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.    Statement by MR. JUSTICE MOORE.

This is an action by Fritz Nelson against the St. Helens Timber Company, a corporation, to recover damages for a personal injury.   The complaint alleges the defendant's incorporation; that it operated a railroad and used cars which were coupled by a link and a pin; that on June 27, 1911, the plaintiff was and for several months prior thereto had been employed by the defendant in piling logs on a rollway; that he was inexperienced in coupling cars, which fact was known to the defendant's agents who neglected to notify him of the danger incident thereto; that, pursuant to defendant's order he undertook to make a coupling and in doing so his left hand was crushed, rendering it useless, to his damage in a specified sum.

The answer denies the material averments of the complaint, and alleges that the injury complained of was occasioned by the plaintiff's carelessness; that the risk was assumed by him; and that the hurt was caused by the negligence of a fellow-servant.

The reply denies the averments of new matter in the answer, and the cause having been tried resulted in a verdict and judgment in plaintiff's favor for $3,000, and the defendant appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the name of *Rauch & Senn,* with an oral argument by *Mr. Frank S. Senn.*

For respondent there was a brief over the name of *Seton & Strahan,* with an oral argument by *Mr. Claude Strahan.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended that an error was committed in refusing to set aside the judgment and to grant a new trial, the application therefor being based on the ground that the amount of damages awarded was excessive. The defendant's abstract contains what purports to be a copy of the order denying the motion, assigning as a reason therefor that Article VII, Section 3, of the Constitution, as amended, deprived the trial court of power to grant such relief. Though the ruling complained of was not made a part of the bill of exceptions, it is argued that since the order was set forth in the abstract, to which no objection was made until plaintiff's brief was filed, the alleged error should be considered.

2. The assignments of error on appeal from a judgment in a law action are equivalent to the averments of a complaint, which allegations are impliedly denied by the adverse party. The issue thus formed is to be determined from a consideration of a bill of exceptions, which affords the only available evidence applicable to the matter. As the formal statement in writing of the exceptions taken to the rulings of the court, as settled and allowed, does not contain any reference to the motion referred to, the action of the court thereon is not before us for consideration.

3. An exception having been taken to a part of the court's charge, as evidenced by the transcript but in-

advertently omitted from the bill of exceptions, it is insisted that an error was committed in instructing the jury as follows: "When an employer takes on a new hand, it is his duty to explain to the man the work, if there is any danger about it, and point out to him where the danger is, and how it is likely to arise, and if he moves a man from one employment to another it stands on the same footing.  He must see that his employees are instructed as to the dangers of the business unless the employee can see them, and any man of his age, intelligence and experience can know what they are without explanation, or unless he is experienced or says he is.  If he claims to be an experienced man in that line of work, why then you don't have to tell a man a thing he already knows."  In order to render the language complained of relevant, it becomes necessary to state the facts involved, so as to determine whether or not the plaintiff possessed such a degree of knowledge of the instrumentalities causing the hurt as to enable the court to say, as a matter of law, that he assumed the risks incident to the employment in which he was engaged at the time he was hurt.  The testimony tends to show that plaintiff at the time he was hurt was 34 years old.  He is not a native of this country and had been in the United States only a year and a half.  He could not speak the English language but understood a few words thereof.  After working for the Chapman Timber Company five months, engaged in cutting wood and snipping logs, he was employed by the defendant and worked for it, prior to the hurt, eight months rolling logs down an inclined way and piling them near a railway operated by the defendant.  The cars used to transport logs from the camp to the market consisted of four wheel trucks, about ten feet long, having a cross-bumper on which the ends of the logs rested.  Two trucks were used for each load;

the forward carriage being connected by an iron link held in place by an iron pin to the car or locomotive, immediately in front of it. Until the day preceding the accident the plaintiff had never assisted in loading logs upon trucks, but on that day, the man whose duty it was to help perform that service being absent, Nelson, at the direction of C. M. McDonnell, who had charge of that branch of the work, assisted in placing logs on the cars. The next day, a load of logs having been placed on trucks, McDonnell released the brakes, causing the cars gradually to move downgrade at the rate of about four miles an hour toward another loaded car, and directed the plaintiff to make the coupling. Nelson, being on the right side of the moving car, held the link thereof with his left hand, and as the trucks neared the car standing on the track he removed the pin therein with his right hand so as to allow the link to enter at the proper place where he dropped the pin into position, but failing to remove his left hand, it was crushed by the cars coming together. Prior to the accident he rode on the trucks nearly every day in going to and returning from his work. He had seen brakemen couple these cars and he had worked near the defendant's railway where the trucks were in daily use, but before the injury he had never attempted to make a coupling.

It is argued by the defendant's counsel that the testimony adverted to shows that the risk of coupling cars with an iron link and a pin was so visible as to compel the plaintiff, who was of mature years, to form a just estimate of the hazard to which he was exposed and of the consequences which might possibly result to him from any delay or false movement in performing the service, so as to render it unnecessary for the defendant to notify or warn him of a fact of which he was also well aware, and, this being so, the instruction

challenged was erroneous. The question to be considered is whether or not the hazard incident to coupling, in the manner indicated, a car loaded with logs moving on a downgrade was so visible that the plaintiff, who was inexperienced in such service, but who for several months had ridden on logging trucks to and from his work and had seen such couplings made, was bound to observe and avoid the danger, thus relieving the defendant of the duty of warning him of the risk. "Railroad employees who are required to couple and uncouple cars," says a text-writer, "are presumed to know the risk of this detail of the service and to assume it": White, Personal Injuries on Railroads, § 335. To the same effect is *Tucker* v. *Northern Terminal Co.*, 41 Or. 82 (68 Pac. 426). This rule, however, can have no application to the plaintiff, who was employed to assist in rolling and piling logs preparatory to their shipment, which service did not require him to couple cars. Whether or not from riding daily upon the trucks he must have seen that the buffers occasionally came in contact with each other, notwithstanding the link and pin, and that the danger in coupling such cars must necessarily have been apparent, cannot be inferred in the absence of evidence tending to show the character of any part of the defendant's railway, over which he rode, as to being downgrade. A careful examination of the entire evidence, which is attached to the bill of exceptions, does not show that he understood or should have appreciated the danger incident to coupling cars. If he had never seen the buffers strike each other, he may reasonably have inferred that the drawheads of the cars were so constructed that the slack of the train from inertia or in moving on a downgrade would cause the ends of the link to come in contact with some obstruction made for that purpose, thereby preventing a contact of the

buffers. The assumption of risk was put forward by the defendant to defeat a recovery, and in order to substantiate the averment it was required to produce testimony tending to support the allegation. No evidence was offered to show the character of the defendant's railway as to whether or not it was a tangent or consisted of a series of curves, was level or otherwise, except at the place where the injury occurred, so that by riding on the trucks it would necessarily be inferred that the plaintiff observed the buffers strike each other

One of the duties which the master owes is to exercise reasonable care in instructing an inexperienced adult servant as to the dangers incident to a performance of the service and to warn him how properly to avoid the hazard, unless the risk is so open and apparent that any person of his age, experience and capacity should have appreciated the danger to which he was subjected: 7 Am. & Eng. Ency. of Law (2 ed.), § 350; *Westman* v. *Wind River Lumber Co.,* 50 Or. 137 (91 Pac. 478); *Magone* v. *Portland Mfg. Co.,* 51 Or. 21 (93 Pac. 450); *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016); *Elliff* v. *Oregon R. & N. Co.,* 53 Or. 66 (99 Pac. 76). In the latter case it was ruled that, when a servant was taken from his usual work and required to assist in some hazardous task with which he was not conversant, the change in employment rebutted any inference which might arise that in seeking service he impliedly represented that he was qualified to perform any labor that might be demanded of him. The rule thus recognized supports that part of the charge under consideration to the effect that, in requiring the plaintiff to couple cars instead of rolling and piling logs, he should have been warned of the danger incident to the duties outside the service he was engaged to perform.

4. It was incumbent upon the defendant not to expose the plaintiff to risks that did not pertain to the service in which he was engaged, and as Nelson was placed under the authority of McDonnell, who directed him to do an act not within the scope of his employment, and which exposed him to a hazard and danger not contemplated in the contract of service, the defendant is liable for the resulting injuries, unless the plaintiff was chargeable with contributory negligence or the act was done under such circumstances that it could be said he assumed the risk: Wood, Master & Servant (2 ed.), § 439; *Cincinnati etc. R. Co.* v. *Madden,* 134 Ind. 462 (34 N. E. 227) ; *Chicago & N. W. Ry. Co.* v. *Bayfield,* 37 Mich. 205. The instruction complained of was a true exposition of the law applicable to the facts herein, and no error was committed as alleged.

Other errors are assigned, but deeming them immaterial or not properly presented, the judgment is affirmed.                                     AFFIRMED.

Mr. Chief Justice McBride and Mr. Justice Ramsey concur.

Mr. Justice Burnett concurs in the result.

---

Denied September 23, 1913.

## On Petition for Rehearing.

(135 Pac. 169.)

Mr. Justice Moore delivered the opinion of the court.

In a petition for a rehearing, attention is called to the fact that the transcript on appeal herein contains copies of the motion for a new trial and of the order denying that application. This part of the record

was inadvertently overlooked when the former opinion was written, and as no reference thereto was supposed to have been made, except in the appellant's abstract of record, it was then thought the question was not properly presented for consideration, a conclusion now discovered to be erroneous.

The motion referred to challenges the judgment on the following grounds: (1) That plaintiff's counsel, over objection and exception, was permitted to interrogate the jurors relative to the liability of indemnity insurance; and (2) that the damages awarded are excessive, and resulted from the prejudice created by allowing such questions to be asked.

5. Neither the transcript on appeal, the bill of exceptions, nor the copy of the testimony brought up contains any reference to the questions propounded to the jurors on their *voir dire* examination. The purpose of an exception is to have incorporated in the record of the trial of a cause the action of the court, based either on its own motion or on the objection of a party, in determining some question material to the issues involved, the written evidence of which ruling, without such exception, would not otherwise appear. No exception is necessary, if the decision is predicated upon a question of law, when the determination is entered in the journal, or made wholly upon matters in writing and on file in the court: Section 172, L. O. L.

The preliminary qualification of a person as to his qualifications or bias when called to serve as a juror in the trial of a cause is usually conducted by orally asking questions, to which answers are given in the same manner. An objection to the proposed juror for cause and the ruling of the court thereon would not appear in the record without an exception, and the determination of the question could not be reviewed on appeal except by considering the questions and an-

swers given on the subject in the court below.   A party to an action cannot be permitted to speculate on the possibility of securing a favorable verdict, and, if disappointed in this particular, set forth in a motion for a new trial errors alleged to have been committed by the court that do not otherwise appear in the record, and expect a re-examination of the questions thus insisted upon, for to sanction such a practice would necessarily dispense with a bill of exceptions, the use of which cannot be suspended.   The recital in the motion for a new trial, as stated in the first ground therefor, is not properly before us.

6. Eliminating from the motion all reference to the examination of the jurors as to their qualifications, and also the alleged matter that induced the verdict, leaves for consideration a part of the second ground relied upon, viz., that the damages awarded are excessive.   In denying the motion, the order states that the conclusion thus reached was predicated upon a want of power in the court to grant the application based on a question of fact, and that no error of law was argued in presenting the motion.

A statute formerly permitted a judgment to be set aside and a new trial granted, on the motion of an aggrieved party for the following reasons, *inter alia:* "(5) Excessive damages, appearing to have been given under the influence of passion or prejudice; (6) insufficiency of the evidence to justify the verdict or other decision, or that it is against law": Section 174, L. O. L.   Article VII, Section 3, of the Constitution of Oregon was amended November 8, 1910 (see Laws 1911, p. 7), and, as far as involved herein, now reads: "In actions at law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court in this state, unless the court

can affirmatively say there is no evidence to support the verdict.''

In the case at bar one of the facts tried by the jury was the amount of damages suffered by the plaintiff in consequence of the injury inflicted upon him by the alleged negligence of the defendant. From a careful examination of all the testimony given at the trial, we cannot affirmatively say there is no evidence to support the verdict. In this particular, at least, the clause of the organic law hereinbefore quoted has been modified, so that part of subdivision 6 of Section 174, L. O. L., which reads as follows: ''Insufficiency of the evidence to justify the verdict,'' is not applicable, when the verdict is supported by evidence. The trial court, therefore, properly concluded that it was powerless under the facts established to set aside the judgment and to grant a new trial on the ground assigned.

The petition for a rehearing is denied.

AFFIRMED: REHEARING DENIED.