Motion to remand bill of exceptions denied September 14, 1932;
argued March 28; reargued and submitted May 16; affirmed
July 18; rehearing denied September 12, 1933

## JOHNSON *v.* LADD

(14 P. (2d) 280, 24 P. (2d) 17)

*Lord & Moulton,* of Portland, for the motion.
*Senn & Recken,* of Portland, opposed.

BEAN, C. J. The respondent moves the court to remand the bill of exceptions on file to the circuit court "with directions to certify to this court whether Exception No. 4 and Exception No. 5 were taken by defendant and appellant at the time of the trial in the above-entitled cause, and to certify whether the record appearing upon pages 134-135 of the transcript of evidence attached to the bill of exceptions herein marked 'Exhibit A' is the true and correct record of the exceptions taken by defendant and appellant in the trial court, or whether the record of exceptions purported to be shown by said Exceptions No. 4 and 5 is a true and correct record". The trial judge has already made a certificate pertaining to the matter.

The motion is based upon the affidavit of attorney for respondent to the effect that the transcript of the official reporter is true and correct according to his

memory and knowledge of the cause; that subsequent to the trial of the cause the bill of exceptions and Exhibit A were served upon counsel for respondent and that at the time of service he was very busy with other trials and had no time to carefully check the bill of exceptions to see whether the same correctly reported the proceedings in said cause, and so informed counsel for appellant, and was advised by counsel that the bill of exceptions conformed to the record and no exceptions were included therein other than those taken at the trial; therefore, no objections were made or filed to the bill of exceptions and the trial judge was so informed by counsel for respondent.

It is shown in the motion and in the transcript of testimony on page 135 that, at the close of the instructions given by the court, the court inquired of counsel: "Is there any matter the court has overlooked?" whereupon counsel for appellant stated: "We are satisfied with the instructions except the withdrawal from the jury of the first, second and third separate answers and defenses, and, of course, the refusal of the court to give any of our requested instructions."

In the bill of exceptions there are contained two exceptions to the instructions of the court, Nos. 4 and 5. Therefore, there appears to be a conflict between the bill of exceptions as settled and allowed by the judge and the transcript of the official reporter.

■ Objections to the form and structure of the bill of exceptions should be addressed to the trial judge, whose duty it is to settle the terms of the bill. *Redsecker v. Wade,* 69 Or. 153 (134 P. 5, 138 P. 485, Ann. Cas. 1916A, 269).

■ A statement of the testimony as set forth in the bill of exceptions, certified to by the trial judge, is

binding on the Supreme Court as against a transcript of the same testimony by the official stenographer. *Latourette v. Miller,* 67 Or. 141 (135 P. 327). See also *Hoskins v. Scott,* 52 Or. 271 (96 P. 1112); *Weinstein v. Wheeler,* 127 Or. 406 (257 P. 20, 271 P. 733, 62 A. L. R. 574). The same rule must be applied to the statement of an exception contained in the bill of exceptions and certified by the trial judge, and we are bound thereby.

■ The signing of a bill of exceptions by the trial judge is a certification that every material statement therein preceding the signature is true, except as otherwise stated. In *York v. Nash,* 42 Or. 321, 325 (71 P. 59), former Mr. Justice BEAN records the following language: "When, therefore, the bill of exceptions in this case was signed by the trial judge, he in effect certified as correct every material statement thereof, excepting such as might be modified by his certificate, * * * ."

It is not enough to show that there is a discrepancy between the bill of exceptions and the transcript of the official reporter. As far as it appears it may be that, at a different stage of the trial or when the instructions excepted to were given, the counsel saved an exception and that this was overlooked in making the statement at the end of the trial.

■ We are of the opinion that the proceedings for the correction of any error in the bill of exceptions should originate in the trial court.

In *Brewster v. Springer,* 79 Or. 88, at page 90 (154 P. 418), we find the following: "Notwithstanding an appeal from a judgment may have been taken and perfected, jurisdiction of the cause is retained by the trial court sufficient to empower it, at any time before the appeal is heard and determined, to amend the bill of

exceptions so as to make it conform to the facts.'' Citing numerous Oregon cases. To the same effect see *State ex rel. v. Ekwall,* 135 Or. 439 (296 P. 57).

We are not informed that the trial judge desires to make any correction of the bill of exceptions in the present case, and as the record now appears, giving proper effect to the bill of exceptions and also to the transcript of the official reporter, the motion to remand must be denied.

It is so ordered.

ON THE MERITS

(24 P. (2d) 17)

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for appellant.

*Arthur I. Moulton* and *William P. Lord,* both of Portland (Lord & Moulton, of Portland, on the brief), for respondent.

*B. A. Green,* of Portland, for Oregon State Federation of Labor, amicus curiae.

KELLY, J. On April 8, 1927, plaintiff, being employed by defendant as a cook, and, in the absence of the nurse, being intrusted with the care of the three-year-old son of defendant, went for a ride in defend-

ant's car taking the child with her. The car was driven by a Mr. Anderson, who was in the employ of defendant as a gardener. The machine ran against a telephone pole injuring plaintiff.

Plaintiff charged Anderson with negligence, imputable to defendant, in the operation of the automobile, in driving too fast, in failing to keep a proper lookout ahead, failing to notice a signal given by a motor truck which had signaled that it intended to turn to the left, and in attempting to pass said motor truck.

This is the second appeal herein. On the former appeal, this court held that plaintiff and the driver of the automobile were not fellow servants so as to relieve the master of the negligence of the driver. *Johnson v. Ladd,* 138 Or. 371 (5 P. (2d) 1062).

Seven purported errors are assigned.

■ Mr. Joe Hammersly, a policeman, with nearly two years' experience as such officer, assigned to traffic work, who testified that he was familiar with the type of car in suit, namely, a Franklin of the year 1925, with two wheel brakes; that he had driven such cars, and that he was able to tell the distance within which such a car could be stopped when going at a speed of twenty-five miles an hour, was asked: "How far or what length would it take?"

To that question, objection was interposed thus: "Mr. Senn: I object to that as incompetent, irrelevant and immaterial".

This objection was overruled and defendant's first assignment of error is based upon that ruling. A review of the authorities convinces us that no error was thereby committed.

*Crandall v. Krause,* 165 Ill. App. 15; *Johnson v. Quinn,* 130 Minn. 134 (153 N. W. 267); *Withey v. Fowler Co.,* 164 Iowa 377 (145 N. W. 923); *Hughey v. Lennox,* 142 Ark. 593 (219 S. W. 323); *Berkovitz v. American River Gravel Co.,* 191 Cal. 195 (215 P. 675); *Friedler v. Hekeler,* 96 Conn. 29 (112 Atl. 651); *Young v. Patrick,* 323 Ill. 200 (153 N. E. 623); *Tucker v. Carter* (Mo. App.), 211 S. W. 138; *Scholl v. Grayson,* 147 Mo. App. 652 (127 S. W. 415); *Blado v. Draper,* 89 Neb. 787 (132 N. W. 410); *Cheek v. Fox,* 7 Tenn. Civ. App. 160; *Miller v. Eversole,* 184 Ill. App. 362; *Meier v. Wagner,* 27 Cal. App. 579 (150 P. 797); *Foley v. Lord,* 232 Mass. 368 (122 N. E. 393); *Bishop v. Wight,* 221 Fed. 392, 395; *Morris v. Montgomery,* 229 Mich. 509 (201 N. W. 496).

Seasonably, a motion for nonsuit was interposed upon the ground that no negligence was shown on the part of defendant's driver, and that plaintiff and said driver were not fellow servants. Defendant's second assignment of error is based upon the court's action in overruling this motion.

■ The record discloses testimony tending to prove that a signal of intention to turn was given by the driver of the motor truck ahead by extending a wooden bar in the shape of a hand and arm two feet long; that defendant's driver did not see it; that defendant's car was in good mechanical condition; that before the impact defendant's auto skidded fifty or sixty feet. In this state of the record, the question of whether defendant's driver was negligent in whole or in part as charged was properly submitted to the jury.

■ The question whether plaintiff and said driver were fellow servants was decided upon the former appeal and that decision became and is the law of the case. *Adskin v. O. W. R. & N. Co.,* 134 Or. 574 (294 P.

605); *Hansen v. Bedell Co.,* 132 Or. 332 (285 P. 823); *Douglas v. Rumelin,* 130 Or. 375 (280 P. 329); *Farmer's Bank of Weston v. Ellis et al.,* 126 Or. 602 (268 P. 1009); *Levine v. Levine,* 121 Or. 44 (252 P. 972); *Booth-Kelly Lumber Co. v. Oregon, etc., R. R. Co.,* 117 Or. 438 (243 P. 773); *Hostetler v. Eccles,* 112 Or. 572 (230 P. 549); *Reed v. Hollister,* 106 Or. 407 (212 P. 367); *William Hanley Co. v. Combs,* 60 Or. 609 (119 P. 333); *Stager v. Troy Laundry Co.,* 41 Or. 141 (68 P. 405); *British Ins. Co. v. Lambert,* 32 Or. 496 (52 P. 180); *Portland Trust Co. v. Coulter,* 23 Or. 131 (31 P. 280); *Kane v. Rippey,* 22 Or. 299 (29 P. 1005); *Murphy v. City of Albina,* 22 Or. 106 (29 P. 353, 29 Am. St. Rep. 578); *Applegate v. Dowell,* 17 Or. 299 (20 P. 429); *Thompson v. Hawley,* 16 Or. 251 (19 P. 84); *Powell v. Dayton, etc., R. R. Co.,* 14 Or. 22 (12 P. 83).

■ Assignments three, four and five are based upon alleged error in giving certain instructions. No exception was saved to the giving of any instructions and hence the questions sought to be presented are not regularly before us. Moreover, the supplemental bill of exceptions discloses that the instructions as actually given by the learned trial judge are not erroneous.

■ Assignment six urges that error was committed by the court's refusal to give a requested instruction to the effect that no recovery could be had for permanent injury. In her complaint, plaintiff alleged that "plaintiff's health and bodily vigor have been permanently injured".

Dr. L. K. Poyntz, a medical expert, specializing in diagnosis, in answer to a question, based upon plaintiff's symptoms, as reflected in the record, as to whether plaintiff's condition is permanent or not, testified, "I think it is permanent". Taking the view,

which is most favorable to plaintiff, a deduction could be drawn from that answer and other testimony of this witness that the permanency mentioned applied to the disability resulting from the accident in suit and not from plaintiff's other maladies. The request to instruct to the contrary was properly refused.

The seventh assignment of error is based upon the contention that excessive damages were awarded.

The evidence discloses that plaintiff was confined to the hospital for two weeks at one time and again for a month and eight days; that she remained at the home of her sister for three weeks; that she lost her wages for four months; that except for these intervals, she has been able to perform her customary work; that her earning capacity is $90 per month and board and room. The case is not free from difficulty where, on the one hand we seek to distinguish between the result of the accident in suit, and, on the other, plaintiff's disability because of her chronic catarrh, the effect of thyroidectomy, prior impaired vision, appendectomy and a former aural abscess, for which no claim could be or is made that defendant is liable. Taking the view most favorable to plaintiff, we find that she suffered contusions on her face, chest and left forearm and a concussion of the brain resulting in headaches, nervousness and occasional lapses of memory; that the vision of the right eye and the hearing of the left ear are impaired, and that she suffers bodily pains thereby rendering her usual work more difficult of accomplishment. No skull or other fracture is shown. At the time of the accident, plaintiff was forty-five years of age. The attending physician's fee was $160.50; and the hospital fees were $254.

Mr. Justice BELT, Mr. Justice ROSSMAN and the writer are of the opinion that the evidence does not support a judgment in the entire amount of $15,000, and that we have power to reduce it; but, three members of the court hold that the action of the jury in assessing the damages is conclusive, and that under the provisions of section 3 of article VII of the state constitution this court is without authority to change the judgment. In the written opinion of Mr. Justice BAILEY, rendered contemporaneously herewith, the view of those members of the court on that point is stated.

Upon that phase of the case, the view of the writer is that by the terms of the constitution, error warranting reversal is not made a condition precedent to the exercise of the right by the supreme court to direct the entry of such judgment as should have been entered in the court below.

This court is on record as having determined a definite specific amount in another case similar to the one at bar, beyond which there was no evidence to support a judgment, and in which case the amount of the judgment entered in the court below was reduced. *Martin v. Oregon Stages. Inc.*, 129 Or. 435 (277 P. 291). The only distinction between that case and the instant case is that in the former, error, other than as to the amount of the award, appear, while in the case at bar, the record does not disclose any error except that the amount of damages assessed is too large.

To the writer, it is inconceivable that error in the alleged indiscreet conduct of one juror affords any basis whatever for determining whether or not the award of damages is excessive. If this court is able to determine the point beyond which there is no evidence

support a given judgment in a case where such error appears, it certainly is not any less able so to determine in a case where no such error occurs.

If it be said that where no such error appears, the jury must be deemed to have tried the fact, and that a re-examination thereof is constitutionally inhibited, the answer at once is obvious that in cases where the court can affirmatively say there is no evidence to support the verdict, such constitutional inhibition does not apply.

Because the right and the duty of the court to change the effect of a verdict is expressly restricted to those cases where there is no evidence to support such a verdict, the exercise of such right by the appellate court should be zealously restricted to those rare instances where reasonable minds are not at variance on the point that beyond a certain amount the judgment would be entirely unsupported by evidence.

The judgment of the circuit court is affirmed.

ROSSMAN, J., concurs.

---

CAMPBELL, J. Where the facts and evidence are such regarding the amount of damages that reasonable minds might disagree, then this court should not disturb the verdict of the jury where there is no prejudicial error in the record. This case is not one where the verdict should be disturbed. With this addition, I concur in the above opinion.

---

BELT, J., specially concurring:

If this court is to hold that it has no power, by virtue of article VII, § 3 of the Oregon Constitution, to reduce the verdict of a jury on the ground that it is excessive, the last line of defense will be destroyed.

No longer will there be protection against the passion and prejudice of a jury run amuck on the question of damages. What if, in the instant case, the verdict had been $100,000, instead of $15,000, would it still be contended that this court could not, on account of the Constitution, disturb the verdict? If, peradventure, a jury awarded $100,000 for a sprained thumb, what would this court do about it? Would we say to the outraged defendant, "Yes, we know this verdict is beyond the realm of reason, it reeks with prejudice and passion, and has no relation to the injuries sustained, but there is nothing to be done about it"?

While courts must be and are reluctant to interfere with the finding of a jury in the assessment of damages, it must act in the interest of justice when the verdict plainly goes beyond the limit of reason. In so holding, no violence is done to the Constitution for we may well say there is no legal evidence to support the verdict beyond such limit. Surely there must be some limit to the power of a jury. If there is not, passion and prejudice in some instances will reign supreme. I am firmly convinced that the amount of damages found in this case has no reasonable relation to the injuries sustained.

Regardless of all that has been said by this court in past decisions relative to this question, the time has come to declare a rule which will result in the wholesome administration of justice.

I concur in the opinion of Mr. Justice KELLY.

BAILEY, J. The facts in the case are sufficiently set forth in the opinion of Mr. Justice KELLY, in which he concludes that no error was committed by the circuit court, with the exception, if such be error, of denying the motion for a new trial on the ground that the verdict was excessive.

We shall therefore address ourselves to the question of whether or not this court has authority, in an action to recover damages for personal injuries, tried by a jury, to re-examine the facts, where no error was committed by the trial court, other than the alleged error that there is no evidence to support the verdict for the full amount, and enter a judgment for a less amount than allowed by the jury, on the ground that the verdict was or appeared to be excessive. Can this court in the case at bar, under authority of section 3, article VII, of our Constitution, "affirmatively say there is no evidence to support the verdict" for $15,-000, but that there is some evidence to support a verdict for $7,500 or some other definite amount less than $15,000?

Section 2-802, Oregon Code 1930, specifies certain grounds upon which a judgment may be set aside and a new trial granted. Two of these grounds are as follows: "(5) Excessive damages, appearing to have been given under the influence of passion or prejudice", and "(6) Insufficiency of the evidence to justify the verdict * * *." This section is a part of the original code of civil procedure of 1862, and has not been materially amended.

Mr. Justice THAYER, in *Nelson v. Oregon Railway & Navigation Co.*, 13 Or. 141 (9 P. 321), in referring to the right of this court to reduce the verdict on the ground that it was excessive, said:

"These findings were relevant to the issues made in the pleadings, but the appellant's counsel contended on the argument that they did not justify the amount of the recovery. This may be so as a matter of fact, but we could not so find as a matter of law. This court would hardly be authorized to find that the verdict was too large, unless it could determine, as a matter of law, the precise amount, or limit, to which it should have been restricted. We have nothing to do with the facts of the case, and yet I can not see how we can interfere with the judgment unless we review the facts. Where the verdict of a jury is excessive, it is the duty of the *nisi prius* court to set it aside, but its refusal to do so can not be reviewed by this court. Nothing but questions of law appearing upon the transcript can be reviewed here. The verdict herein may have been much larger than this court would have allowed under the evidence in the case, or in view of the facts found by the jury. Still we have no right to set it aside, or reverse or modify the judgment entered thereon. The jury are judges of the fact, and however widely our view might disagree with theirs matters nothing. We have no right to invade their province, however sanguine we may be that they have committed error."

This court has ever since the above decision consistently held, in construing this section of our code, that it will not review the circuit court's exercise of discretion in refusing to grant a new trial on the ground that the verdict is excessive: *McQuaid v. Portland & Vancouver R. R. Co.,* 19 Or. 535 (25 P. 26); *Kumli v. Southern Pacific Co.,* 21 Or. 505, 512 (28 P. 637); *Coos Bay Co. v. Endicott,* 34 Or. 573, 578 (57 P. 61); *Sorenson v. Oregon Power Co.,* 47 Or. 24, 34 (82 P. 10); *Lindsay v. Grande Ronde Lumber Co.,* 48 Or. 430, 439 (87 P. 145); *Albright v. Keats Auto Co.,* 85 Or. 134 (166 P. 758).

In *Timmins v. Hale,* 122 Or. 24 (256 P. 770), this court, in referring to the right of the trial court to set

aside a verdict on the ground that the damages were excessive, said:

"The contention that the trial court may grant a new trial because of his belief that the damages are excessive is wholly untenable. In this case there is nothing in the record showing any misconduct upon the part of the jury. The whole contention is that the damages were excessive and because excessive, the jury must have been swayed by passion or prejudice. The statute prescribes that 'A former judgment may be set aside and a new trial granted on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party: * * * 5. Excessive damages, appearing to have been given under the influence of passion or prejudice'. Section 174. The power to set aside a judgment on a verdict upon this particular ground was taken away from the courts by the amendment of the Constitution (Art. VII, § 3), which declares that 'no fact tried by a jury shall be otherwise re-examined in any court of this state unless the court can affirmatively say that there is no evidence to support the verdict'.

"In Buchanan v. Lewis A. Hicks Co., 66 Or. 503 (134 Pac. 1191), it was held that after the adoption of this amendment of the Constitution, trial courts no longer have the power to grant a new trial because of the belief that the damages awarded are excessive, and that judgments can not be reversed upon appeal upon that ground. This constitutional provision was again considered by this court in Sigel v. Portland Ry., L. & P. Co., 67 Or. 285 (135 Pac. 866), where the same ruling was made, and this was in effect held in the Archambeau case. Hence, since there is nothing in the record showing any misconduct on the part of the jury, it was not proper for the court to set aside the judgment upon the ground that the damages were excessive and its action can not be sustained on that ground."

The question of the right of the courts of this state to set aside judgments on the ground that they are ex-

cessive has been before this court numerous times since the amendment of article VII, section 3, of our Constitution in 1910. Mr. Justice MOORE, in *Buchanan v. Lewis A. Hicks Co.*, 66 Or. 503 (133 P. 780, 134 P. 1191), stated:

"If in the trial of an action at law an error has been committed by the court, and upon appeal from the judgment the supreme court from an examination of the entire testimony, the instructions, and all other matters material to the decision, can determine what conclusion should have been reached, it may disregard such errors, when substantial justice would thereby be promoted, and direct the proper verdict to be entered. It will thus be seen that the right, upon appeal, to correct a judgment rests upon an error of law committed by the trial court and not upon the re-examination of any fact tried by a jury, except in cases where the supreme court can affirmatively say there is no evidence to support the verdict. The clauses of the amended section of the Constitution referred to should not, in our opinion, be construed together in order to overturn the verdict herein.    *    *    *

"In the case at bar the verdict comes within the rule thus announced, and as we can not affirmatively say the conclusion of the jury is not supported by evidence, the amendment prohibiting the re-examination of any fact thus tried and supported necessarily modifies section 174, subdivision 5, L. O. L., and that part of subdivision 6 which reads as follows: 'Insufficiency of the evidence to justify the verdict or other decision'."

Again Mr. Justice MOORE, in *Nelson v. St. Helens Timber Co.*, 66 Or. 570 (133 P. 1167, 135 P. 169), had under consideration the authority of the trial court to grant a new trial on the ground that the verdict was excessive and that the evidence was insufficient to support the verdict. In referring to the sufficiency of the evidence, he said:

"In the case at bar one of the facts tried by the jury was the amount of damages suffered by the plaintiff in consequence of the injury inflicted upon him by the alleged negligence of the defendant. From a careful examination of all the testimony given at the trial, we can not affirmatively say there is no evidence to support the verdict. In this particular, at least, the clause of the organic law hereinbefore quoted has been modified, so that part of subdivision 6 of section 174, L. O. L., which reads as follows: 'Insufficiency of the evidence to justify the verdict', is not applicable, when the verdict is supported by evidence. The trial court, therefore, properly concluded that it was powerless under the facts established to set aside the judgment and to grant a new trial on the ground assigned."

In *Sigel v. Portland Ry., L. & P. Co.,* 67 Or. 285 (135 P. 866), the trial court set aside the verdict, because excessive, and granted a new trial. Mr. Justice BEAN, in reversing the circuit court, commented as follows:

"The judgment on the verdict could not be set aside without the re-examination of a question of fact which had been tried by a jury upon legal evidence and under proper instructions as to the law: Forrest v. Portland Ry., L. & P. Co., 64 Or. 240 (129 Pac. 1048, 1050). Therefore, under the rule announced in Buchanan v. Hicks Co., 66 Or. 503 (134 Pac. 1191), neither this court nor the circuit court is authorized to set aside the verdict and grant a new trial: Consor v. Andrew, 61 Or. 483 (123 Pac. 46); State v. Rader, 62 Or. 37 (124 Pac. 195); Sullivan v. Wakefield, 65 Or. 528 (133 Pac. 641)."

*Hoag v. Washington-Oregon Corporation,* 75 Or. 588 (144 P. 574, 147 P. 756), involved the right of the court to re-examine the facts in a personal injury case, tried by the jury, where errors had been committed by the trial court. Mr. Justice McBRIDE, on

rehearing, referred to the constitutional provision under discussion by saying that ''the language is ample to authorize this court to try out here any case in which error was committed in the court below to the same extent and with the same right to enter judgment as is now exercised in equity cases''.

In answering the contention that the court was, by its procedure in re-examining the evidence and entering a judgment, depriving the defendant of the right to a trial by jury, the opinion stated that no one had a constitutional right to appeal, and any one desiring to exercise that right did so *cum onere*. In so far as the respondent was concerned, the court remarked that he was not complaining and that until he did so the question might be considered as academic.

In *Kveset v. Grace Co.*, 77 Or. 83 (150 P. 281), this court construed the instructions of the trial court as equivalent to telling the jury that sympathy for one injured was an element to be considered in determining the damages suffered. This was held to be error. Nevertheless, this court stated that it could not affirmatively say that the verdict was excessive. The plaintiff in that case received what is known as a Pott's fracture of the ankle. The verdict was for $3,100. In referring to what other courts had held not excessive awards for the fracture of one leg, this court stated that the amounts varied from $350 to $9,000.

The case of *Malpica v. Cannery Supply Co.*, 95 Or. 242 (187 P. 596), is of considerable interest in this discussion. There the jury awarded the plaintiff $12,000 and a motion was made in the lower court for a new trial on the ground that the verdict was excessive. The court in denying this motion stated in the judgment entry that there was no evidence introduced

which would justify a verdict in excess of $2,000, but that the court was of the opinion that it had no power to set aside the verdict because it was excessive, or to require plaintiff to remit that part of the judgment in excess of $2,000.

On the appeal, after referring to *Hoag v. Washington-Oregon Corporation,* supra, and noting that "the majority opinion was expressly founded upon the fact that there was prejudicial error in the giving of instructions", this court calls attention to article VII, section 3, and says:

"The purpose of this amendment was to prohibit courts from setting aside or modifying judgments founded upon verdicts of juries, where there is no prejudicial error in the record. In this case the jury was properly instructed, and there is no assignment of error except as to the amount of the verdict. Under such circumstances, it was for the jury only to fix the amount of plaintiff's damages, which it did by a unanimous verdict.

"The circuit court was of the opinion that the plaintiff should not recover more than $2,000, and it is probable that other juries might return a verdict for much less than $12,000; but the fact remains that the plaintiff was injured, that his disability is permanent, and that in addition to his pain and suffering the use of his arm is greatly impaired. There is no fixed standard as to the amount that the plaintiff should recover for his injuries. That is a question of fact for the jury, and different juries would return different verdicts under the same state of facts.

"The record shows that the defendant had a fair trial, and its only exception is to the amount of the verdict. There is nothing in the record to indicate any passion or prejudice. Although in the opinion of this court the amount of damages awarded might be deemed excessive, we can not affirmatively say that there is

no evidence to support it. Under the record in the case, this court is powerless to grant relief. The judgment is affirmed.''

In *Mount v. Welsh*, 118 Or. 568 (247 P. 815), Mr. Justice BROWN reaffirmed what had been said numerous times prior thereto, that ''it is well settled that the right to correct a judgment under this constituional provision is based upon error of law committed by the trial court''.

In *Gillilan v. Portland Crematorium*, 120 Or. 286 (249 P. 627), plaintiff had a verdict for $2,500. Defendant's motion for a new trial was denied, but the court *sua sponte* reduced the amount of the judgment to $1,260. Both the defendant and the plaintiff appealed. This court decided that the alleged errors assigned by the defendant were without merit. In passing upon plaintiff's cross-appeal, Mr. Justice BELT, speaking for the court, said:

''Plaintiff in his cross-appeal assigns error in reducing the judgment from $2,500 to $1,260. By virtue of Article VII, Section 3c of the Oregon Constitution, the supreme court has authority, where material error exists in a record, to retry the case and render such a judgment as, in its opinion, should have been rendered in the court below: Hoag v. Washington-Oregon Corp., 75 Or. 588 (144 Pac. 574, 147 Pac. 756); Mount v. Welsh, 118 Or. 568 (247 Pac. 815). However, the Constitution does not vest this authority in the circuit courts. Furthermore, the record discloses no material error. It was error for the trial court to substitute its judgment on the question of damages for that of the jury.

''The judgment entered for $1,260 is reversed and the cause is remanded, with directions to enter judgment for $2,500 in favor of plaintiff.''

Mr. Justice Coshow in *Noble v. Sears,* 122 Or. 162 (257 P. 809), disposed of the alleged error of the trial court in refusing to grant a new trial as follows:

"The sixth assignment is that the court erred in overruling the motion for a new trial. The new trial was based upon the errors already considered and the claim of the defendant that the amount allowed plaintiff is excessive and, therefore, the result of passion and prejudice. We believe there is no merit in defendant's contention in that regard. Under Article VII, Section 3c, of the Constitution, having found no error in the conduct of the trial, this court is not at liberty to investigate the facts: Hoag v. Washington-Oregon Corp., 75 Or. 588 (144 Pac. 574, 147 Pac. 756); Mount v. Welsh, 118 Or. 568, 598 (247 Pac. 815)."

In *Wood v. Young,* 127 Or. 235 (271 P. 734), Mr. Justice Brown, answering the contention that the evidence was insufficient to support the verdict, said:

"Were we to determine this cause from the whole of the evidence, our verdict might be in contrariety to that returned by the jury. But we are not to try the case *de novo.* The law says that the jury are the sole judges of the credibility of the witnesses, and of the effect and value to be attached to the testimony of each and all of them. Furthermore, in view of the evidence adduced, this court is not authorized to re-examine the facts, for the reason that we can not 'affirmatively say there is no evidence to support the verdict'. Oregon Constitution, Article VII, § 3-c."

In *Pierce v. Northern Pacific Ry. Co.,* 127 Or. 461 (271 P. 976, 62 A. L. R. 644), the plaintiff recovered judgment of $2,500 against the defendant for its failure to deliver Pullman accomodation to her. Mr. Justice Coshow, in writing the opinion for the majority of the court, disposed of the contention that the verdict was excessive in the following language:

"Defendant complains that the verdict is so large that it is apparently the result of passion and preju-

dice. The testimony indicates without question that plaintiff was worn out when she arrived at Stevenson and was ill for quite a period of time. She was humiliated by passengers discovering her predicament and in their kindness assisted her by purchasing a sleeper for her the last night she was on the train. We believe the verdict to be large, but do not believe we are authorized under the provisions of our Constitution to interfere. The case was fairly presented to the jury and the jury is the sole judge of the facts: Constitution, Article VII, § 3c.''

In *Martin v. Oregon Stages, Inc.*, 129 Or. 435 (277 P. 291), this court held that the lower court had committed error in denying a motion for a new trial. It therefore proceeded to re-examine the record and fix the amount which plaintiff was entitled to recover.

*Lane v. Schilling,* 130 Or. 119 (279 P. 267), involved an action for libel. Finding that the instructions were erroneous, the court re-examined the evidence and reduced the judgment to $4,000.

Mr. Justice McBRIDE, in *Donaghy v. Oregon-Washington R. & N. Co.,* 133 Or. 663 (288 P. 1003, 291 P. 1017), after holding that error had been committed by the trial court, stated that ''Section 3c, Article VII, of our Constitution, as amended in 1910, authorizes this court, where error has been committed in the lower court, to re-examine the case on the facts on appeal and to enter such judgment as seems equitable under the circumstances''.

In *Wychgel v. States Steamship Co.,* 135 Or. 475 (296 P. 863), plaintiff recovered judgment for $30,-000, which was by this court reduced to $15,000 on the ground that it was excessive. There was no error committed by the trial court. Mr. Chief Justice BEAN, in

referring to the question of the excessive amount of the award, prefaced his remarks as follows:

"The defendant assigns as error and strongly urges that the verdict is excessive and there is no evidence to support the amount of it; that the court must decide this question under the federal rule of burden of proof, and that even under the Oregon rule, section 3-c, Article VII, of the Constitution of Oregon, which provides, *inter alia,* 'that no fact tried by a jury shall be otherwise re-examined in any court of this state unless the court can affirmatively say there is no evidence to support the verdict'."

This statement and the action of this court in reducing the amount of the judgment must be considered in the light of the opening statement of the opinion, reading as follows:

"Plaintiff having elected to bring this action under section 33 of the Merchant Marine Act of 1920 and the Federal Employers' Liability Act, his rights and obligations depend upon the principles of law as interpreted and applied in the federal courts: New Orleans & N. E. R. Co. v. Harris, 247 U. S. 367 (38 S. Ct. 535, 62 L. Ed., 1167)."

It is also instructive, in this connection, to consider the case of *New Orleans & N. E. R. R. Co. v. Harris,* referred to in the foregoing quotation. It was there said:

"The federal courts have long held that where suit is brought against a railroad for injuries to an employe resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish. The Nitro-Glycerine Case, 15 Wall. 524, 537; Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 663; Looney v. Metropolitan R. R. Co., 200 U. S. 480, 487; Southern Ry. Co. v. Bennett, 233 U. S. 80, 85. In proceedings brought under the Federal Employers' Liability Act

rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts; and negligence is essential to recovery. Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 501, 502; Southern Ry. Co. v. Gray, 241 U. S. 333, 339; New York Central R. R. Co. v. Winfield, 244 U. S. 147, 150; Erie R. R. Co. v. Winfield, 244 U. S. 170, 172. These established principles and our holding in Central Vermont Ry. Co. v. White, 238 U. S. 507, 511, 512, we think make it clear that the question of burden of proof is a matter of substance and not subject to control by laws of the several states.''

That this court had in mind, in deciding the Wychgel case, the distinction above pointed out, is further apparent from the citation, in the opinion, of *Engfors v. Nelson Steamship Co.,* 131 Or. 108 (280 P. 337). See also, *Hopkins v. S., P. & S. Ry.,* 137 Or. 287 (298 P. 914, 2 P. (2d) 1105).

In *Emmons v. Skaggs,* 138 Or. 70 (4 P. (2d) 1115), Mr. Chief Justice BEAN disposes of the contention that this court should re-examine the facts on the ground that the verdict was excessive, in the following language:

''The defendant urges that the court should find that this is a case where it ought to exercise the powers vested in it by the Oregon Constitution, Article VII, § 3, and retry the case. We find no error in the record. Therefore this court is not authorized to retry the case. The testimony tends to show that the plaintiff was seriously and permanently injured. Under the constitution, the alleged excessiveness of the verdict can not be questioned, unless the court is in a position to affirmatively say there was no evidence to support the verdict: Malpica v. Cannery Supply Co., 95 Or. 242 (187 Pac. 596).''

Mr. Justice ROSSMAN, in *Associated Oil Co. v. La Branch,* 139 Or. 410 (10 P. (2d) 597), states that

"Article VII, Section 3, Oregon Constitution * * * provides that if this court, upon the discovery of error, 'shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered' ".

See also, in this connection: *Knight v. Beyers,* 70 Or. 413 (134 P. 787); *Johnson v. Meyers,* 91 Or. 179 (177 P. 631); *Farmers' Loan & Mortgage Co. v. Hansen,* 123 Or. 72 (260 P. 999); *Obermeier v. Mortgage Co. Holland-America,* 123 Or. 469 (259 P. 1064, 260 P. 1099, 262 P. 261); *Holliday v. Riesland,* 138 Or. 31 (4 P. (2d) 1119); *Burgess v. Charles A. Wing Agency,* 139 Or. 614 (11 P. (2d) 811); *McCulley v. Homestead Bakery,* 141 Or. 460 (18 P. (2d) 226).

I have here attempted to point out the fact that this court has never before assumed authority under section 3, article VII of the Constitution as amended, to re-examine the evidence in any case and enter a judgment different from that based on the verdict of a jury unless the lower court has committed some error by which the parties litigant have been deprived of a fair trial. The constitutional provision above referred to does not confer upon this court jurisdiction to retry every law action, in the same manner as suits in equity, and enter judgment according to our opinion of what may be just and equitable. For on appeal in actions at law it is only errors properly assigned that will be considered: *Taffe v. Smyth,* 62 Or. 227 (125 P. 308); *Marks v. First National Bank,* 84 Or. 601 (165 P. 673); *Service v. Sumpter Valley Ry. Co.,* 88 Or. 554 (171 P. 202).

We have seen that prior to 1910, when article VII of our Constitution was amended, this court could not review the action of the trial court in refusing to grant

a new trial on the ground of excessiveness of the verdict. Since the adoption of the amendment of 1910, the trial court no longer, according to the decisions of this court as already pointed out, has any authority to grant a new trial on the ground that the verdict is excessive. Before being deprived of this authority, the trial court could not, when no error had been committed but the verdict was excessive, re-examine the facts and enter judgment for a less amount than that found by the jury. It could, however, overrule a motion for a new trial on condition that the plaintiff remit all in excess of a designated amount: *Sorenson v. Oregon Power Co.,* 47 Or. 24 (82 P. 10).

Section 17, article I, of our Constitution, providing that "in all civil cases, the right of trial by jury shall remain inviolate", has not been repealed by section 3, article VII: *State v. McDonald,* 59 Or. 520 (117 P. 281); *Schnitzer v. Stein,* 96 Or. 343 (189 P. 984); *Union Central Co. v. Deschutes Valley Co.,* 139 Or. 222 (3 P. (2d) 536, 8 P. (2d) 587).

If trial by jury in civil cases is a constitutional right, as this court has affirmed many times before and since the amendment of article VII of our Constitution in 1910, of what particular benefit is such a right, if this court can ignore the verdict in all cases —for that is what a contrary opinion of this court on this particular point would ultimately lead to—and enter such judgment as it believes to be warranted by the evidence?

By such procedure this court would be substituting its opinion for that of the jury. It may be that, in our opinion, the verdict is excessive, or the evidence is insufficient to support the verdict to its full amount, or—and this seems to me a new and devious method of

reasoning—there is no evidence to support a verdict in a sum in excess of a certain amount. Section 3, article VII, prohibits us from re-examining the facts on the first two grounds, wherefore we should not attempt to effect the same result through sophistry and circumlocution.

Before our Constitution was amended in 1910 it was the duty of the trial court on a motion for a new trial to weigh the evidence and if the verdict was against the clear weight of the evidence to grant a new trial: *Serles v. Serles,* 35 Or. 289 (57 P. 634; *Multnomah County v. Willamette T. Co.,* 49 Or. 204 (89 P. 389). Following the amendment the relative weight of the testimony is a matter solely for the jury: *Schneider v. Tapfer,* 92 Or. 520 (180 P. 107) ; *Mitchell v. Southern Pacific Co.,* 105 Or. 310 (209 P. 718); *Sather v. Giaconi,* 110 Or. 433 (220 P. 740). If the jury is the sole judge of the weight of the evidence, how is it possible for this court, in determining the amount of damages suffered by a plaintiff in a personal injury case, to decide the question without invading the province of the jury? If it can not be done without weighing the testimony, then this court is precluded from undertaking the task. Surely the judgment of twelve men and women, arrived at after seeing the witnesses and weighing their testimony, will be much more satisfactory than any guess we may make from reading the same.

Section 2-308, Oregon Code 1930, provides that, ''in charging the jury, the court . * * * shall inform the jury that they are the exclusive judges of all questions of fact''. At no time has this court held that this mandate has been repealed, superseded or modified.

Mr. Justice BURNETT, in *Casciato v. Mason,* 69 Or. 455 (138 P. 841), in answering the suggestion that this court retry the case, said:

"It is argued in the brief, however, that we should take the full report of the testimony accompanying the bill of exceptions and in effect, under Article VII, Section 3, of the state Constitution, retry the case ourselves on the evidence thus adduced, and reach a conclusion of fact different from that returned by the jury in the verdict. We can not properly do this, for it would be to invade the province of the jury and emasculate the institution of trial by that method which the Constitution of the state, even in its amended form, declares must be preserved."

The fervor with which the federal courts have guarded and upheld the constitutional right of trial by jury is well illustrated by the following cases: *Slocum v. New York Life Ins. Co.,* 228 U. S. 364 (33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029); *Wilson v. Everett,* 139 U. S. 616 (11 S. Ct. 664, 35 L. Ed. 286); *Arkansas Valley Land, etc. Co. v. Mann,* 130 U. S. 72 (9 S. Ct. 458, 32 L. Ed. 854); *Metropolitan R. Co. v. Moore,* 121 U. S. 558 (7 S. Ct. 1334, 30 L. Ed. 1022); *Hodges v. Easton,* 106 U. S. 408 (1 S. Ct. 307, 27 L. Ed. 169). We ought not to be less zealous in preserving this "fundamental guarantee of the rights and liberties of the people". Our declaration in this regard should be more than "as sounding brass, or a tinkling cymbal".

"A verdict", said Mr. Justice BURNETT in *Forrest v. Portland Ry., L. & P. Co.,* 64 Or. 240 (129 P. 1048), "that is immune from re-examination except for an entire want of evidence is not any and every decision that may be reached by a body of twelve men who happen to sit in a jury box and hear the testi-

mony in the presence of· a court, but it means one reached under the form of law as prescribed for a jury trial within the meaning of the constitution from the beginning. * * * An invulnerable verdict must be a conclusion of fact by a jury regularly impaneled, as the result of a trial in which the rights of all parties in respect to the admission or exclusion of testimony have been observed in all material particulars under proper instructions of the court as to the law''.

See also, *State v. Rader,* 62 Or. 37 (124 P. 195); *Sullivan v. Wakefield,* 65 Or. 528 (133 P. 641); *Boatright v. Portland Ry., L. & P. Co.,* 68 Or. 26 (135 P. 771).

It would seem strange indeed for this court to describe the kind of verdict which is ''immune from reexamination'', as it has done in the instances above cited and many others to which reference might be made, and then to avoid the effect of such decisions and the constitutional inhibition by merely saying that, in our opinion, the evidence is insufficient to support a verdict in an amount greater than a certain sum.

Many unjust results of litigation can be corrected, if the trial court will exercise the right it has to grant a new trial. This power of the circuit court is described by the opinion in *Archambeau v. Edmunson,* 87 Or. 475 (171 P. 186), as follows:

''Since that amendment became operative it has been held that the granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned except when the court had committed some error, which if properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review; and that under such cir-

cumstances the trial court upon motion or *sua sponte* possessed adequate power and was authorized within the prescribed time, to correct the error which it had committed by granting a new trial. [Citing many authorities.]

"The rule thus established ought in our opinion to be enlarged so that, when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered upon a verdict and the granting of a new trial, when such action of the lower court does not violate Article VII, Section 3, of the Constitution of Oregon respecting the *quantum* of evidence."

See also: *Cathcart v. Marshfield,* 89 Or. 401 (174 P. 138); *Duniway v. Hadley,* 91 Or. 343 (178 P. 942); *Veazie v. Columbia etc. R. R. Co.,* 111 Or. 1 (224 P. 1094).

It is obvious that we can not logically hold that we have the right, when no error has been committed by the circuit court, to re-examine the facts tried by a jury, without reversing our previous decisions. We can not by suppositions decide realities. Nor can we arrogate to ourselves power which we do not possess.

The judgment appealed from should be affirmed.

RAND, C. J., and BEAN, J., concur.